MARTHA S. FLAGG *v.* BLAKE LOCKE AND MARY ANN LOCKE.

October Term, 1900.

Present: TAFT, C. J., TYLER, MUNSON, WATSON and STAFFORD, JJ.

Opinion filed May 20, 1902.

*Suretyship—Defenses—Offset—Retrospective act.*

Under No. 39, Acts of 1896, a surety may make any defense which the principal could, in any action in which the fact of suretyship appears, even though sued jointly with the principal as maker.

In the application of this statute everything is to be regarded as a defense which operates to defeat the plaintiff's recovery.

This statute, construed as retrospective, is not unconstitutional, since it pertains only to the remedy and does not impair the obligation of the contract.

GENERAL ASSUMPSIT on a joint and several note, dated June 23, 1894. Pleas, the general issue, payment and offset. Trial by jury at the June Term, 1900, Orange County, *Start,* J., presiding. Special findings that there was $74.70 due on the note in suit, that Mrs. Mary Ann Locke signed the note as surety, and that there was due Blake Locke, under the plea in offset, $74.65. The court disallowed the offset for want of mutuality, and rendered judgment for the plaintiff for $74.70. The defendants excepted.

*R. M. Harvey* for the defendants.

The offset should have been allowed. The claims were strictly, legally, and equitably mutual. The defendant, Mary A. Locke, being the wife of the defendant Blake Locke, and the jury having found that she signed the note as surety, the only *real* party defendant is Blake Locke. If this mutuality is to be confined to the nominal parties, then the plaintiff, as the statutes now are as to recoveries against the defendants found liable, can forever shut out all offsets simply by making some third person a party, and at any time discharging him.

Anything which discharges the principal discharges the surety. *Gibson* v. *Rix,* 32 Vt. 824. A surety can make any defense which is available to the principal. *Brundridge* v. *Whitcomb,* 1 D. Chip. 180; *Ferry* v. *Burchard,* 21 Conn. 597; *Mahurin* v. *Pearson,* 8 N. H. 539; *Concord* v. *Pillsbury,* 33 N. H. 310. Under No. 39, Acts of 1896, these views must prevail.

*Darling & Darling* for the plaintiff.

The offset was properly disallowed for want of mutuality. *Phelps* v. *Bulkeley,* 20 Vt. 17; *Clough et ux.* v. *Clough,* 55 Vt. 360; *Johnson* v. *Kelley & Delworth,* 67 Vt. 386; *Kendall* v. *Aldrich,* 68 Vt. 478; *Bragg* v. *Fletcher & Fletcher,* 20 Vt. 351.

The finding that Mary Ann signed the note as surety is no defense. She is, as to the plaintiff, an original maker. *Bank* v. *Richards,* 35 Vt. 284; *Seaver* v. *Young,* 16 Vt. 658. It does not appear that Mary Ann is the wife of Blake Locke. No. 39, Acts of 1896, should not be construed as retroactive. It would be unconstitutional as impairing the obligation of a contract. *Stow* v. *Robbinson,* 1 D. Chip. 261; *Bates* v. *Kimball,* 2 D. Chip. 77; *Pingrey* v. *Washburn,* 1 Aik. 264; *Richardson* v. *Cook,* 37 Vt. 599.

MUNSON, J. The suit is against Blake Locke and Mary Ann Locke, and is based upon a joint and several note signed by the two. It appears by special verdict that "Mrs. Mary Ann Locke" signed the note as surety. There is nothing in the case to show that this Mrs. Locke is the wife of the other signer. So her signature cannot be treated as a nullity, and the case presented is one of ordinary suretyship.

It is not necessary to consider the argument by which defendants' counsel seek to distinguish this from the numerous cases in which this court has held that claims can be allowed

in set-off only where the parties are identical. The case of a surety is taken out of these decisions by the force of No. 39, Acts of 1896. It is provided by that act that "a surety on a note or other obligation by indorsement or otherwise, may, in an action brought against him thereon, set up any defense that the principal might have availed himself of in an action brought against him thereon." The remedial purpose of this provision requires its application whenever the fact of suretyship is made to appear, even though the principal and surety are sued together as joint makers. And in the application of this statute everything is to be regarded as a defense, whether so classed technically or not, which operates to defeat the plaintiff's recovery.

The act of 1896 having been brought to the attention of plaintiff's counsel, it is suggested that the enactment should not be construed as retrospective, and that, if so construed, it is unconstitutional as impairing the obligation of contracts. We cannot accept this view. The legislature may well be supposed to have intended an application of the statute to causes of action accruing before its passage. It pertains only to the remedy, and in no way impairs the obligation of the contract. It simply enables the surety to effect at law what he could accomplish in equity. A surety can, without payment and before he is sued, proceed in equity against his principal and the creditor, and procure an adjustment between them for his own protection. In other words, this act relieves the surety from paying at law what could not equitably be collected of the principal. A creditor has no vested right in any particular remedy, even though that remedy may give him an inequitable advantage.

*Judgment reversed, and judgment for plaintiff for five cents damages and her costs.*

TAFT, C. J., did not participate in the disposition of the case.