William A. White.    || No. 8 0 8 4.
       —vs—          || Court of Appeal.
A. F. Johnson.       || Parish of Orleans.

-------------------

Finkelspiel. J.

This litigation substantially presents for decision ~~about~~ the following facts;

Plaintiff alleges that he is the owner and landlord of the premises No. 2515 Milan Street, in this City. That he rented said premises to defendant under a written lease, dated August 14th. 1919. That the lease commenced to run September 15th. 1919 and expired on September, 30th. 1920; that before the expiration of said lease plaintiff notified defendant to deliver the said premises to him on September, 30th. 1920, and also, previous to the expiration of said lease served required notice upon which to base ejectment proceedings; but defendant failed and refused to vacate said premises, still occupying same, claiming that he had leased the premises for the year ending September 30th., 1921, at a monthly rental of $42.50. making a total of $510.00.

Plaintiff further avers, that the value of the possession of said premises now, is $ 150.00. per month, for each and every month that defendant continues to occupy the said premises exclusive of the damages caused plaintiff by the failure of said defendant to deliver said premises formally at the expiration of said lease September, 30th. 1920, and therefore, he is entitled to the summary proceeding provided by law for the ejectment of a tenant by a landlord, and finally prays that defendant be cited and ordered to appear and answer this petition on a day to be fixed by the Court, according to the summary process fixed by law, that after due proceeding had there be judgment in favor of plaintiff, and against defendant ejecting him from the aforesaid premises, and for costs and general relief.

The petition is sworn to and an order was rendered as follows:-

627

" Let the defendant be cited to appear summarily on Friday, October, 27th. 1920, at 11 o'clock, A. M. and then to show cause why the relief sought in the foregoing petition should not be granted?" Signed, Porter Parker, Judge.

The answer sworn to by defendant admits the signing of the lease as alleged by plaintiff, and alleges further, that the petition of plaintiff which charged that Cicero A. Ramsey, his agent, served on him, defendant, a ten days notice to vacate the premises, but denies that the notice so served was a legal notice, within the meaning and contemplation of the law. But, avers, that on August, 14th. 1919, he leased the premises No. 2515 Milan Street, from the agent of plaintiff, Cicero A. Ramsey, the said lease begining September 15th. 1919, ending September, 30th. 1920, at a rental of $ 32.50. per month, payable monthly in rent notes; that before the expiration of said lease, Cicero A. Ramsey, then and at all times prior thereto and since, acting as the agent for said plaintiff, communicated with defendant to ascertain if defendant desired to renew his lease, and upon being assured by defendant in the affirmative, said Ramsey, under date of July 9th. 1920, offered to defendant in writing to renew said lease for another year commencing October, 1st. 1920, at a rental of $ 42.50 per month, payable monthly; that in response thereto, defendant accepted in writing, under date of July, 14th. 1920, the offer of renewal made to him as aforesaid, and latter transmitted to said Ramsey, as the agent of plaintiff, twelve rent notes, each for $ 42.50., being the monthly rental for full year under the lease, which defendant had renewed as aforesaid; that said Ramsey, acting as such agent, arbitrarily refused to accept said rent notes, pretending that he had the right to withdraw his previous offer, to the disregard of defendant's

628

rights, resulting from his timely renewal of the exist

-ing lease for another year from and after it's expira-

tion.   Avering further, that he owes no rent, is not

otherwise in default, is in lawful possession of the

premises now sued for. Wherefore, he asks for judg-

ment.

The evidence in this case in so far as it con-

cerns both plaintiff and defendant is contradictory

and unsatisfactory, and were it not for the written

evidence of facts as presented in the record it

would be very diffdcult to arrive at anything like

a fair and equitable decision, but with the *written* testi-

mony we find little or no difficulty in coming to

a conclusion.

As stated in the petition and which is con-

firmed by the answer it is undeniable, that at the

expiration of the written lease an offer by the

agent of plaintiff was made at an increased rental

of ten dollars per month to defendant, for a renewal

of the lease for one year. In reply to that offer,

defendant wrote a letter to, Mr. C. A. Ramsey, dated,

New Orleans, La. July, 14th. 1920, reading;-

" In confirmation of my conversation of this morning,
with your office, I wish to state that in view of
the condition of premises 2515 Milan, I think that
the present rental of $32.50, is sufficient, and
that an increase of ten dollars or 30/77 % is pos-
itively extortionate.
~~However, as stated~~, However, as stated, I ap-
preciate the fact that Mr. Landlord and Mr. Real
~~Estate Agent~~ Estate Agent are now having their
unrestricted turn at gouging the public purse and
as there is no alternative, except that of living
in a tent, which I have no desire to do, I hereby
accept *the* rental of $42.50.
                            I will take up personally
with Mrs. White the matter of repairs which I shall
expect to be made." Signed by defendant.

It appears that at several interview between defen-

dant and Ramsey, the agent of plaintiff, pending

negotiations and prior to the letter in question,

above referred to, that for some reason unexplain

-ed after the receipt of the letter, receipt of which was denied by Ramsey, but a copy of the letter was brought to his office, left there, and within a day at most two days thereafter, the letter here quoted accepting the terms ᴀᴀᵻ ᵻᴋᴋ ᵻᴀᴋᵹᴋᴀᵹᴋ in possibly not the language Mr. Ramsey, Agent, enjoyed, he, Ramsey undertook after receiving the twelve rent notes in question, to place rent signs on the premises, and in a subsequent interview with defendant alleged , that this house in question, which defendant had leased, ᴋ⸱ had been leased to another tenant, Mr. Lamarie, during the progress of the various conversations and immead- iately after receipt of the letter accepting the terms of the lease  enclosing twelve rent notes .com- plying with the obligation, and yet forsooth, not- withstanding this, which we are as certain of as anything which we could be, Mr. Ramsey undertakes to lease to another party, without consulting defendant, in violation of the arrangement made with defendant, positive in its terms, beyond controversy, so much so, that if defendant had for any reason sought to evade the responsibilities of this lease legally he could have been and would have been held for the entire rent. Under these circumstances it is utterly impossible to conceive how the Agent, Ramsey, could have attempted to end the lease with defendant. There is no doubt in the world that Ramsey was the authorized agent of plaintiff; he had authority to make the lease, he was a real estate agent and his business was that of rent- ing property. The property had been placed in his hands for rent for prior years; he had leased it to defen- dant the year previous; he was clothed with appearant authority to lease the property. C. C. 3000.

" Powers granted to persons who exercise a proffessé ion, or fulfill certain functions, of doing any

business in the ordinary course of affairs to which they are devoted, need not be specified, but are inferred from the functions which these mandatories exercise.

" The principal is bound by all the acts of his agent within the scope of the authority which he held him out to the world to posess." Henderson -vs- R. R. 3 Court of Appeal. 45.

" Where the owner has entrusted his property to a general agent as a factor or consignee in the hope of selling such property, he is estopped from claiming the property in the hand of an innocent purchaser." Meyer vs. Lambeth, 5 A. 66. 13 A. 453. C. C. 2683. " Leases may be made either by written of verbal contract."

" The authority to make leases may therefore be verbal as well as written."

" The verbal contract is binding without writing". 30 A. 50. same authority at page 117, Corbin vs. Harding. 10 La. 325. 52 A. 424. 116 La. 338. , and the unreported case of Mo. Williams vs. Reith, Jr. No. 7901, Court of Appeal. We there held, as we do here; that it has seen proved to our entire satisfaction, that the letter quoted and a copy of which was left with the agent, Ramsey, in this case, addressed by defendant to Ramsey, at his place of business in this City, and in one of the principal thorough-fares of the City, properly posted, stamped and mailed, was received by Ramsey notwithstanding his expressed denial.

For the reasons herein assigned, it is ordered, adjudged and decreed, that the judgment of the lower Court be affirmed with cots against plaintiff in both Courts.

( Judgment Affirmed)