H. SIDNEY HAYDEN, EXR., *vs.* CONNECTICUT HOSPITAL
FOR THE INSANE ET AL.

First Judicial District, Hartford, May Term, 1894. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A testatrix gave the residue of her estate to her executor in trust " for the purpose of establishing free bed or beds at the Hospital for Insane at Middletown for female patients, to be known as the ' Mary L. Townsend Fund,' the rents and income in each year to be used under the direction of the executor and his successor in office, appointed by the court of probate." *In a suit to determine the construction and va-lidity of this bequest it was held :—*

1. That the trust thereby created was valid.

2. That it was the duty of the testamentary trustee to hold the fund and apply the rents and income to the support of such female patients in the Connecticut Hospital for the Insane as he might designate.
3. That if he should at any time be unable to make suitable arrangements with the hospital trustees, then during such inability he should use the rents and income for the benefit of insane females possessing the requirements for admission to said hospital under the then existing laws of this State, in such ways as might be open to him and, as closely as practicable, in accord with the particular manner indicated by the testatrix.

[Argued May 1st—decided May 16th, 1894.]

SUIT to determine the construction and validity of the residuary clause in the will of Mary L. Townsend; brought to the Superior Court in Hartford County and reserved by the court, *George W. Wheeler, J.*, upon the facts stated in the complaint and admitted to be true, for the advice of this court. *The trust created by the residuary clause held valid.*

The case is sufficiently stated in the opinion.*

*Charles R. Ingersoll* and *Edward H. Rogers*, for the executor.

*Henry E. Burton*, for the Connecticut Hospital for the Insane and its trustees.

*Charles E. Perkins*, for the heirs at law.

FENN, J. This case reserves for our advice the question as to the validity and proper construction of the residuary clause in the last will of Mary L. Townsend, late of New Haven, deceased.

---

* This case was originally argued at the January term, 1894. No appearance having then been entered for the trustees of the Connecticut Hospital for the Insane, the court, being of the opinion that there ought to be an appearance in behalf of the charity intended to be created in the will, passed the following order:—ORDERED, that said cause be continued, and that the clerk of this court be directed to furnish the State's Attorney for Middlesex county with a copy of the record, and to notify him that the court, at its next term to be holden in the first judicial district, will hear any argument which he may think proper to submit touching the questions reserved for the advice of this court in said cause.                R.

The language is as follows :—" All the rest, residue, and remainder of my estate I give and bequeath to my executor for the following purposes : All the furniture and wearing apparel is to be disposed of by him agreeable to a memorandum to be furnished him. Money and real estate is for the purpose of establishing free bed or beds at the Hospital for Insane at Middletown for female patients, to be known as the ' Mary L. Townsend Fund,' the rents and income in each year to be used under the direction of the executor and his successor in office, appointed by the Court of Probate of New Haven." The question relates to the aforesaid " money and real estate."

Counsel for the executor say that the clear purpose of the testatrix was to establish a free bed or beds at the Hospital for Insane at Middletown, for female patients, and "that this purpose contemplates or requires some promise or undertaking by the Trustees of the Hospital. In effect, a trust is thereby imposed upon the Hospital accepting the benefit of the devise, to provide in some manner for the free maintenance of such female patients in the future as may be entitled to the bounty of the testatrix." The executor further says that before bringing this suit, he was unable to ascertain whether such trustees would undertake any such trust or obligation, and was advised that it was doubtful whether if they were so disposed, they possessed the requisite power. No argument was made by counsel for the executor in support of the validity of the devise.

Counsel for the heirs of Mary L. Townsend claim that the devise is void. It is said that the hospital for the insane is purely a State institution, established by the State, for its own purposes ; that the powers and duties of its trustees are prescribed by statute, and well defined ; that it has power to receive devises and gifts, but that no question arises here as to a devise to it, and hence this is immaterial. It is denied that the trustees have power to make any agreement to establish free beds. It is further said to be doubtful who should occupy such beds if it were possible to establish them ; that is, whether under the will the trustees or the executor

is to say; and finally, that the doctrine of *cy pres* cannot be invoked to aid the devise, since, it is asserted, such devise is solely and specifically for the establishment of free beds, which cannot be effected, and no other purpose is suggested in any way.

Counsel for the hospital agree with those for the executor, and for the heirs, that the intent of the testatrix was to establish at least one free bed at the hospital, and insist that it is within the power of the trustees to receive gifts for the use of the hospital, to be employed for such purpose. The claim in their behalf is this :—" The executor cannot require of these Trustees, as a condition of their receiving at his hands the gift of the testatrix, any contract or agreement which he may dictate. These Trustees are not to make any contract with him, or he with them. His entire duty is to deliver to them what the testatrix gave to them, and her will and the laws of the State will fix their obligations without any interference on his part."

It is further said that what the testatrix gave the executor was merely the privilege, as her personal representative, of choosing, should he see fit, from those admitted or eligible to be admitted to the hospital, under the statutes regulating admissions thereto, a patient or patients for the free bed or beds.

It will be seen from the foregoing statement of the contention that the question for our determination divides itself into two parts. We are first to decide what was the intention of the testatrix; and then, whether such intention can be effectuated.

It seems to us that it was the purpose of the testatrix to vest the legal title to the residuary fund in the person named as her executor, to hold in trust, (he and those appointed in his place, or to succeed him, in the administration of such trust by the court of probate,) to receive the rents and income and to cause the same to be used to maintain a free bed or beds for female patients at the Hospital for the Insane at Middletown; that such executor, as the trustee originally selected by the testatrix, and his successors appointed as

aforesaid, are designated to take, and are competent to take, such trust estate; that the beneficiaries intended are insane persons admitted, or entitled under the law of this State to be admitted, to the Connecticut Hospital for the Insane at Middletown; that the plain, general intent is to assist that class of most unfortunate individuals; and that the special, particular, subordinate intent was to benefit them by establishing free beds for them at the hospital named. Is, then, this provision valid? Clearly, as we think, it is.

Presumably the trustee under the will can make such arrangements from time to time with the trustees of the hospital as will enable him to carry out the special purpose of the testatrix, in the particular manner which she has indicated. Presumably also, if such hospital trustees entertain just doubts as to their authority in the premises, the General Assembly will confer any needed extension of authority requisite for that purpose.

But failing even this, the general purpose of the testatrix to benefit insane female persons—a class sufficiently defined, with power in the trustee to select the individuals therefrom—by the use of the annual income of the Mary L. Townsend fund, is valid and must prevail; and it will be and remain the duty of those selected to administer the trust, to use the rents and income in each year for such purpose, in such ways as may be open, according most nearly to that designated by the testatrix. To hold this is in no sense to invoke the English sign manual crown prerogative doctrine of *cy pres.* It is only to apply the judicial principle of construction to ascertain and effectuate intention, (Perry on Trusts, §§ 727–8,) as this court has done in previous cases. *Birchard* v. *Scott,* 39 Conn., 63, 68; *Coit* v. *Comstock,* 51 id., 352, 377, 384; *Tappan's Appeal,* 52 id., 412; *Goodrich's Appeal,* 57 id., 275.

The effect of this rule of construction as applied to charitable trusts, is clearly and tersely stated in *Russell* v. *Allen,* 107 U. S., 163. "The instruments creating them should be so construed as to give them effect if possible, and to carry out the general intention of the donor, when clearly mani-

fested, even if the particular form or manner pointed out by him cannot be followed." This, as was said in *Philadelphia* v. *Girard's Heirs*, 45 Pa. St., 9, "is the doctrine of approximation, and is not at all confined to the administration of charities, but is applicable to all devises and contracts wherein the future is provided for, and it is an essential element of equity jurisprudence." Perry on Trusts, §§ 376, 728.

· The Superior Court is advised that the trust created by the residuary clause of the will is valid; that it is the duty of the trustee under said will to hold the principal of the Mary L. Townsend fund, and to apply the rents and income thereof, in each year, to the support in the Connecticut Hospital for the Insane, of such female patients as he may designate; and should he be unable from time to time, or at any time, to make suitable arrangements with the trustees of said hospital, then while said inability continues, to use said rents and income, annually, for the benefit of insane females possessing the requisites to entitle them, under the then existing laws of this State, to admission into such hospital, in such ways as may be open to him, corresponding as nearly as practicable to the particular manner indicated by the testatrix.

In this opinion the other judges concurred.