Female Academy of the Sacred Heart of Albany *vs.* Town of Darien.

Third Judicial District, New Haven, June Term, 1928.

Wheeler, C. J., Maltbie, Hinman, Banks and Dickenson, Js.

Argued June 5th—decided July 16th, 1928.

*Jackson Palmer,* with whom, on the brief, were *C. Milton Fessenden, Matthew H. Kenealy* and *Daniel E. Ryan,* for the appellant (plaintiff).

*Mark W. Norman* and *Norris E. Pierson,* for the appellee (defendant).

HINMAN, J. The scope and application of the provision of Chapter 109 of the Public Acts of 1921 which exempts from taxation "buildings or portions of buildings, and the land on which they stand, exclusively occupied by colleges, academies, public schoolhouses or infirmaries," and under which the appellant claims exemption, have been considered recently by this court and requisites of exemption thereunder which are applicable to the instant case stated and applied. *Pomfret School* v. *Pomfret,* 105 Conn. 456, 136 Atl. 88. As was held in that case as to the Pomfret School, it may well be that the course of instruction offered by the institution conducted by the appellant is not such as to allocate the school outside scholastic classification as an "academy" within the meaning of the statute. The principal question to be determined is whether the plaintiff's property is so "sequestered from private and devoted to public use," as to entitle it to exemption from taxation.

This property consists of two tracts of land, aggregating about seventeen acres, situated at Collender's Point in Darien, with a large brick and stone mansion house, greenhouses, stables, a pavilion, a log cabin, an outdoor swimming-pool, a concrete pier or dock, and other buildings and improvements thereon. The plaintiff conducts on these premises a high-class

boarding school for young girls, the pupils ranging in age from twelve to nineteen years. None of them have their home residence in Darien and day scholars are not accepted. The tuition fee is $1,000 per year with an extra charge for special courses in music, drawing, diction, drama, and deportment. All pupils are required to pay the tuition fee except that the corporation allows one free scholarship to every twenty pupils enrolled, the number of such scholarships being three at the time in question. The facts found demonstrate that this is not a public institution offering instruction to all comers but is a private school adapted only to the patronage of those having the means and disposition to separate their children from the public schools, and that it lacks attributes indicative of devotion to such public use as the statute contemplates, some of the most significant of which are mentioned in the *Pomfret School* case, pp. 460, 461.

It is a further requisite that the property be sequestered and dedicated to such public use. The plaintiff is a nonstock or membership corporation created by special act of the legislature of the State of New York in 1861, to be located in Albany in that State, and to be "a seminary of learning, for the education of females." There is no provision in the charter, either expressed or included by reference, precluding the distribution of profits among the members of the corporation, or rendering now inapplicable, upon dissolution, the provision of §35 of Chapter 23 of the Consolidated Laws of New York, 1909, p. 1397,—that the property remaining after payment of debts and expenses shall be divided among the persons entitled thereto, who, so far as appears, would be such members. All of the members, the finding states, belong also to the Order of the Sacred Heart, a religious order whose members have taken a vow under which they

may possess only sufficient worldly goods for their necessities, and under the rules of the order any profits from the operation of the school could not be retained by the individual members. "The purposes of the order are chiefly the Christian education of girls and the training for their life's work as Christian women. For this purpose the different houses of the order maintain schools throughout the country, whose temporal needs are provided for by revenues from the foundation, bequests, or the fees paid by the pupils."

The claim advanced by the plaintiff in the trial court was that "the property of the corporation, in case of dissolution, would have to be distributed as a charitable or educational trust under the laws of the State of Connecticut." It is found that the plaintiff corporation, previous to October, 1924, conducted a school at Manhattanville, New York, but sold that property and with the proceeds, in August, 1924, purchased the land and buildings in Darien. The record does not disclose the sources or nature of the funds with which the New York property was purchased and maintained, —certainly not that they were "estate granted for the maintenance of . . . schools of learning" within the meaning of §5081 of the Connecticut statutes. For the same reason, among others, it cannot be held that, upon a dissolution of the corporation, the assets would be administered under the New York statutes relating to gifts to charitable uses, as the appellant now also contends, instead of according to the above-cited general provision for distribution among the persons entitled thereto, viz., the members of the corporation.

We cannot accede to the claim that the appellant, by expending funds which, so far as appears, were not derived from gifts or bequests charged with a trust for educational, charitable or benevolent uses, in establishing and maintaining this school under its

charter, thereby created a public or charitable trust or so dedicated that property to public educational purposes and uses as to fulfil the requirements of the tax exemption statute now under consideration.

It is further contended that by the corporation's coming into this State and submitting its property to our laws, such property was "again dedicated to educational use so long as the corporation might hold real property in this State." If this proposition be assumed—although it cannot be accepted as correct—the property, at any time, may be sold and the proceeds, together with such profits or other benefits as had accrued through exemption from taxation in Darien, be withdrawn from that town and this State and devoted to the establishment and maintenance of a similar institution elsewhere, in like manner as was done by the sale of the original plant in New York and the relocation in Connecticut. If, instead, the corporation should be dissolved, the assets remaining after payment of debts would be distributable under the statute law of New York, as they would be under that of Connecticut, to the members of the corporation. §35, Chap. 23, Consolidated Laws of New York, 1909, p. 1397; General Statutes of Connecticut, §3539. That such members might be morally constrained by their vows to renounce their distributive shares in favor of the parent Order of the Sacred Heart or some other corporation or object would not alter the legal situation, since the record discloses no obligation to appropriate the property to public educational or charitable uses in this State, or elsewhere, either through application of the *cy pres* doctrine or otherwise. *Newton* v. *Healy*, 100 Conn. 5, 11, 122 Atl. 654; *Pomfret School* v. *Pomfret, supra*, p. 462. To hold that there is here established such a segregation of property from private uses and dedication thereof to those which are public

as to entitle the property in question to exemption under the provision of Chapter 109 of the Public Acts of 1921, upon which the plaintiff relies, would not accord with the intent, purpose, spirit, or terms of that provision as we have interpreted it, or the underlying public policy which dictates that aid through exemption from taxation be extended to those educational institutions which, through permanent and effective sequestration and devotion of property, supplement or afford an available substitute for public secondary education provided at municipal or State expense.

There is no error.

In this opinion the other judges concurred.