## Camden County Council, Boy Scouts of America, v. Bucks County.

*George Ross*, for petitioner.

*Henry A. James*, County Solicitor, for respondent.

KELLER, J., Nov. 18, 1929.—This is a petition to set aside an assessment of certain real estate in Bucks County, Pennsylvania, and declare the same to be exempt from taxation upon the ground that the petitioner is an institution of public charity and that the real estate so assessed is used and owned by the petitioner solely for educational and charitable purposes.

The petitioner is a duly chartered subsidiary or branch of the national organization of Boy Scouts, known as the "Boy Scouts of America," which was incorporated by an Act of Congress in 1916, and whose purpose is "To promote, through organization and co-operation with other agencies, the ability of boys to do things for themselves and others; to train them in scout-craft; and to teach them patriotism, courage, self-reliance and kindred virtues, using the methods which are now in common use by Boy Scouts. . . . Its object and purpose being solely of a benevolent character and not for pecuniary profit to its members." The membership of the Boy Scouts is unrestricted and is open to all boys, regardless of race, color or religion.

The petitioner is a county council known as the "Camden County Council, Boy Scouts of America," and as such is a corporation organized and existing under the laws of the State of New Jersey, pursuant to the provisions of an act of legislature of said state, entitled "An Act to Incorporate Associations Not for Pecuniary Profit," and the acts amendatory thereof and supplemental thereto. The objects for which the council was established, as set forth in the certificate of incorporation, are to supervise the work and promote the general

welfare of the Boy Scout movement within Camden County, New Jersey, under the direction and co-operation of the National Council of the Boy Scouts of America, and for this purpose it is authorized to own real estate for the purposes of the corporation. It is directly affiliated with and cannot operate without the official sanction of the National Council of the Boy Scouts of America.

The petitioning council consists of a number of Scout Troops with headquarters and local meeting-places in Camden County, New Jersey. In addition, it owns a tract of land known as "Pennington Island," containing 37 acres, 31 perches of land, more or less, located in the upper Delaware River and forming a part of the Township of Tinicum, County of Bucks and State of Pennsylvania, where the combined clubs of the Camden County Council maintain a camp during the summer months. This camp is equipped with sleeping cabins, dining hall, assembly hall, workshop and other buildings, all of which are necessary and used exclusively for the purpose of the Boy Scouts. It is maintained solely by voluntary contributions, the only income being from board received from the boys while at the camp, at the rate of $7 a week, which is admittedly below cost, and the organization does not derive any profit out of the camp nor from any other source whatsoever, and the entire revenue derived from this property is applied to the support of the camp and equipment and to the necessary repairs thereof, and to increase the efficiency and facilities thereof, and for no other purpose. It is this property located in Bucks County which the petitioner seeks to have exempted from taxation.

Under the Act of May 24, 1923, P. L. 438, any corporation incorporated under the laws of another state may take, by conveyance or otherwise, such real estate and rights and interest therein in Pennsylvania as may be necessary and proper for the exercise of such of its corporate purposes as may be lawful under the Constitution and laws of Pennsylvania to exercise in this State.

It is not seriously disputed that the petitioner is an institution of purely public charity, within the meaning of section 1, article IX, of the Constitution of Pennsylvania, and the Act of April 29, 1874, P. L. 73, and the supplements thereto, as interpreted by the Superior Court in Lancaster County v. Y. W. C. A. of Lancaster, 92 Pa. Superior Ct. 514, and cases therein cited.

The more important question is whether the petitioner, being a foreign corporation, may claim the benefit of this exempting statute. We are unable to find any precedents in our State, but we are of the opinion that it is the use to which an institution or organization is put that determines its immunity from taxation, rather than the source of its corporate existence. Exemption of charitable, educational and religious institutions from taxation may include foreign corporations, unless the terms of the exempting statute are such as to exclude foreign corporations: 37 Cyc., 926.

In a New Jersey case, where a Pennsylvania corporation sought exemption from taxation in New Jersey upon the ground that the land and buildings were used exclusively for charitable purposes, the court (Garrison, J.), in setting the assessment aside, said: "The circumstances that the legal title is in a trustee, and that the cestui que trust owes its corporate existence to the laws of a sister state, do not militate against the general policy of our State embodied in the act referred to:" Litz et al. v. Johnston, 65 N. J. L. 169; 46 Atl. Repr. 776; Congregation of St. Vincent de Paul v. Brakely, 67 N. J. L. 176; 50 Atl. Repr. 589.

We fail to find anything in our acts of assembly restricting the benefits of the exemption from taxation provisions as affecting charitable institutions to

Pennsylvania corporations, and being satisfied that the petitioning council is an institution, educational in its purpose and charitable in its character, and as such comes within the provisions of our exemption statutes, we are of the opinion that the assessment must be set aside, and, therefore, decree that the tract of land mentioned in the petition known as "Pennington Island" is exempt from taxation, so long as it is being used by the petitioner solely for educational and charitable purposes.

From Calvin S. Boyer, Doylestown, Pa.