CHARTER OAK COUNCIL, INC., BOY SCOUTS OF AMERICA, *vs.* THE TOWN OF NEW HARTFORD ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued May 12th—decided June 10th, 1936.

*H. Roger Jones,* for the appellants (defendants).

*W. Arthur Countryman, Jr.*, for the appellee (plaintiff).

HINMAN, J.   The complaint alleged that the plaintiff, a corporation organized under the laws of the State of Connecticut, "is engaged in the mental, moral and physical education, including training in patriotism, courage, self-reliance and kindred virtues of young boys in the County of Hartford," and owns certain land with buildings thereon in the town of New Hartford, which are used during the summer months each year for the purpose of a camping ground; that this property is exempt from taxation, under § 1163 of the General Statutes, subdivision (7), as "the real property of . . . a Connecticut corporation organized exclusively for scientific, educational, literary, historical or charitable purposes or for two or more such purposes and used exclusively for carrying out one or more of such purposes and the personal property of, or held in trust for, any such corporation, provided (a) any officer, member or employee thereof does not receive or at any future time shall not receive any pecuniary profit from the operations thereof, except reasonable compensation for services in effecting one or more of such purposes or as proper beneficiary of its strictly charitable purposes . . . ;" and prayed for a judgment so declaring.   Allegations pertaining to the assessment of a tax on the property in the list of 1933 and a claim that the assessment be declared illegal and void were not pursued or relied upon on the trial except as affecting the general claim to exemption.

On the trial the court found that the plaintiff is a corporation without capital stock, organized under the general law (General Statutes, Chap. 192), but also operates under a charter granted to it by the Boy

Scouts of America, the national organization, a corporation chartered by the Congress of the United States (U. S. C. A., Title 36, Chap. 2). The articles of association of the Connecticut corporation dated December 9th, 1919, set forth the purposes as being "To affiliate with, to conform to the regulations and requirements of, and to continue to be a branch or Council of the Boy Scouts of America, . . . and as such branch or council, to organize, promote the organization of, maintain, supervise and administer local troops of Boy Scouts of America in the City of Hartford, Connecticut, and vicinity, and in such additional territory as may from time to time be assigned to its jurisdiction by said national organization; to extend, and promote the extension of Boy Scout training to all boys of the Scout age throughout the territory of said council, including training in patriotism, courage, self-reliance and kindred virtues, using the methods which are now in common use by the Boy Scouts; and in general to promote the welfare of the Boy Scouts of America and its members, in accordance with the constitution and by-laws of said national council. . . . To acquire, receive, buy, hold, mortgage, sell and convey real and personal property for the use and benefit of this corporation, or to carry out its work and purposes." The certificate of incorporation was signed by nine persons, and was approved by the Secretary of the State and recorded as prescribed by the statute (§ 3498). This provides that "when such certificate shall have been duly approved and recorded, the persons so associated [by signing the certificate], with such others as may be associated with them or become their successors in such manner as the by-laws of the corporation provide, shall be a body politic and corporate and shall have all the powers conferred upon corporations by section 3382. . . . Such corporation

may at any time amend its original certificate of incorporation by a three-fourths vote of its incorporators, their associates and successors, present and voting at a meeting . . . duly called to consider such amendment," and by causing a certificate to be filed, recorded and approved in the same manner as the original certificate of incorporation.

On September 27th, 1933, with the obvious purpose of bringing the corporation expressly within proviso (a) of § 1163 (7) of the General Statutes above quoted and of accomplishing the segregation of the corporation's property from private and dedication of it to public uses essential to exemption from taxation, the executive board of the plaintiff corporation adopted the following resolution: "RESOLVED that the certificate of incorporation of the Charter Oak Council of Boy Scouts of America, Incorporated, be amended by adding after article 2 thereof, the following: Article 3 No officer, member or employee of said council shall now or at any future time receive any pecuniary profit from the operations of said council except reasonable compensation for services in effecting one or more of such purposes, or as a proper beneficiary of its strictly charitable purposes; but all such profit shall be devoted to the purposes of the corporation. Article 4 Upon the dissolution of said corporation, no member thereof shall receive any profit from or share in any of the property of said corporation, but all of the property, assets or surplus of said corporation shall vest in some Connecticut corporation organized for a purpose as nearly similar as may be possible and containing in its charter provisions having the same effect as articles 3, 4 and 5 hereof, and all property received by said corporation and all assets other than those used in the operation thereof for its charitable purposes shall be held in perpetuity under the terms hereof.

Article 5   All real estate owned by said corporation shall be used exclusively for carrying out the purposes herein above set forth."

A certificate in the form prescribed by the Secretary of the State was signed by the president and secretary, setting forth that, "at a meeting of the corporation specially warned for that purpose, . . . an amendment to its articles of association was approved by more than three-fourths of the incorporators, their associates and successors present and voting," followed by a copy of the resolution.   The certificate, which on its face indicated compliance with the requirements of § 3498 concerning amendments, was approved by the Secretary of the State and a copy was filed with the town clerk of Hartford.

The finding states that the constitution and by-laws of the plaintiff provide that the executive board shall exercise all the powers of the council during the interval between annual meetings.   It is also found that Articles 3, 4 and 5, set forth in the certificate, "were ratified, approved and accepted as amendments to the plaintiff's Articles of Association by unanimous vote at the annual meeting of the plaintiff on January 20, 1934."

The appellants assign error in the trial court's conclusions that Articles 3, 4 and 5 are now legal amendments to the plaintiff's certificate of incorporation and the restrictions as to reception of profit and uses of the property are effective, so as to entitle the plaintiff to exemption.   The validity of these conclusions depends upon whether or not the facts found disclose that strict compliance with the statutory requirements which is necessary to effect amendment.   1 Thompson, Corporations (3d Ed.) § 396.   It is clear from § 3498 of the General Statutes that the original incorporators are those persons who became such by signing and

acknowledging the Articles of Association, and that others, in order to be incorporators, must become associated with or successors to the original incorporators "in such manner as the by-laws of the corporation provide." The finding fails to show that the amendment was adopted or approved by such incorporators; such inferences as the finding affords point to the contrary. Those attending and voting at the annual meeting appear to have been the "members" of the council—referred to in the advance notice of intended action on the amendment as "delegate members and members at large."

The by-laws of the national organization, Art. XI, § 2, Clause 7, provide that "The active membership of all local councils shall consist of Scouters twenty-one years of age or over, duly registered. . . . The membership shall include representatives from institutions or groups of citizens sponsoring troops [etc.] . . . classified as Troop representatives, together with representatives at large of the various business, civic, educational, labor, social and religious interests of the communities, classified as Council Members at Large." Such members, unless they are also incorporators, would have no power to amend the certificate of incorporation, and it nowhere appears that they or any of them or the members of the executive board who first attempted to adopt the amendment were incorporators, or that the meeting of the board was called for the purpose of considering it. Also, the power to amend is so definitely vested in and confined to the incorporators as a whole that it could not be delegated to a subsidiary body such as the executive board. The record does not disclose what provision, if any, the by-laws of the corporation make for adding to or choosing successors for the original incorporators or that such associates and successors have been chosen.

The amendment can be regarded as legally effected only when it appears that it has been adopted by the incorporators in accordance with § 3498 of the General Statutes. Therefore we are unable to sustain the trial court's conclusion that the plaintiff's certificate of incorporation has been legally amended.

Also, we cannot concur in the trial court's further conclusion that the plaintiff is entitled to exemption of the property here involved irrespective of the amendment. Without it we do not discover in the charter, constitution and by-laws of the national organization, or elsewhere in the record, either direct or inferential support for the finding to the effect that the officers, members and employees of the council are excluded from pecuniary profit from its operations, except reasonable compensation, and that its property is so segregated from private and dedicated to public uses as to qualify for exemption. *Female Academy* v. *Darien*, 108 Conn. 136, 141, 142 Atl. 678. The only present applicable provision for disposition of the property upon dissolution of the plaintiff council appears to be contained in § 5, Article XI, of the by-laws of the national organization: Clause 5—"In event of the dissolution of a council, or revocation or lapse of its charter, the executive board of the National Council may at its option assume charge of the affairs of the Council and continue operations pending reorganization or re-establishment of the Council, or wind up the business of the Council, applying all funds and property in possession or control of such Council to the payment of its obligations, and administering any surplus funds or property as the best interests of scouting may in its judgment require. . . ." Assuming, though not conceding, that this provision, upon the dissolution of the Connecticut corporation, could control or affect the disposal of its property, it is insuffi-

cient to assure the essential continued segregation and devotion to public educational or charitable purposes. *Female Academy* v. *Darien,* supra, p. 141.

The conclusions that the plaintiff corporation is organized exclusively for educational and charitable purposes and that the real property in question is used exclusively for carrying out those purposes are amply supported by the finding, which is not susceptible of material correction. They are not invalidated or impaired by any of the facts found concerning the activities and operation of the camp, including the payment, by each Scout attending, of a regular charge toward the expenses, the operation of a camp store, open about twenty minutes a day, the small profits from which go into the camp fund, and the payment, when income permits, of bonuses, in addition to their salaries, to certain officials and employees, for services performed in operating the camp. *Connecticut Junior Republic Asso., Inc.* v. *Litchfield,* 119 Conn. 106, 174 Atl. 304, and cases cited, p. 108; *Tillinghast* v. *Council at Narragansett Pier,* 47 R. I. 406, 133 Atl. 662, 46 A. L. R. 823; *Camden County Council, B. S. of A.* v. *Bucks County,* 13 Pa. D. & C. 213. Imposition of the restrictions sought to be attached by amendment would suffice to entitle the property to exemption except that, in our opinion, Article 4 of the amendment, instead of attempting, on dissolution, to "vest" the surplus assets in an undefined and indefinite corporate entity, should require that it be conveyed to some corporation or association having purposes and powers similar to those of this corporation and the property of which is exempt from taxation or, at the option of the trustees to close up the business of the corporation (General Statutes, § 3502), to trustees with provision that it or the income therefrom be used only for public charitable or educational purposes in this State. In

order that such amendment may be made in the manner required by statute, we remand the case for a new trial.

The trial court was correct in holding that the plaintiff is entitled to seek, as it does in this action, a declaratory judgment as to exemption of its property from taxation. General Statutes, § 5334; Practice Book, §§ 249, 250; Borchard, Declaratory Judgments, pp. 558, 620; *Nashville, C. & St. L. Ry. Co.* v. *Wallace,* 288 U. S. 249, 262, 53 Sup. Ct. 345, 77 L. Ed. 730.

There is error and a new trial is ordered.

In this opinion the other judges concurred.