GEORGE E. HINMAN ET AL., TRUSTEES (WILL OF GEORGE HATCH) *v.* THE WINDHAM NATIONAL BANK, EXECUTOR, ET AL.

SUPERIOR COURT  WINDHAM COUNTY  FILE No. 8597

Memorandum filed January 15, 1946.

*John B. Sullivan,* of Willimantic, for the Plaintiffs.

*William L. Hadden,* Attorney General and *Arthur F. Brown,* Assistant Attorney General for the State of Connecticut.

MURPHY, J. George Hatch of Windham died in 1939 leaving a will which, under its tenth clause, provided a trust of the residue of his estate. The plaintiffs are the trustees thereunder.

The will was executed in 1924 and it is apparent that the testator felt at that time that the existing hospital facilities in the town of Windham for the care and treatment of convales-cent and maternity cases were inadequate. He thereupon direct-ed the trustees to manage and invest the residue of the estate until the prinicipal sum, exclusive of realty, amounted to $115,-000, and thereupon to use not more than $10,000 to adapt and equip his home in South Windham and adjacent buildings for a convalescent and maternity hospital. The hospital was to be in memory of his parents. The trust now has a book value in excess of $147,000 and a market value of $171,000. The real estate is appraised at $9,513.

Under the obligations imposed upon them by the will, and conscious of the wish of the decedent to utilize his home for the purpose, the trustees have had a survey made of the property and its facilities. This has convinced them that the property is unsuitable and inadequate for the purposes specified. Also, the sum of $10,000 is insufficient to adapt and equip the building.

The property is located in South Windham, a sparsely settled neighborhood about five miles from the city of Willimantic. It is situated on the side of a steep hill and there are no transporta-tion facilities available within a reasonable distance. Even though it were possible to convert the buildings to the desired use by the expenditure of a fair amount of money in excess of that allotted, the terrain is such that use of the grounds by pa-tients would be hazardous and dangerous. Officials of the state department of health have cooperated with the trustees, and to comply with the minimum requirements of the department governing hospitals the expense would be prohibitive.

The court visited the site and inspected the buildings. From the evidence produced in court fortified by personal inspection, the court is satisfied that the trustees are sound in their conclu-sion that the project is impossible under the strict terms of the will and is impracticable if additional funds are released to reno-vate the existing buildings, and that they are justified in seeking the assistance of the court in carrying out the dominant objects and purposes of the testator's intent at some other suitable loca-tion within the town of Windham. This is possible under the cy pres doctrine. *Newton* v. *Healy,* 100 Conn. 5; *Shannon* v. *Eno,* 120 Conn. 77, *Seymour* v. *Attorney General,* 124 Conn.

490. All of the parties, including the executor of the will as representative of the estate, are in agreement on this proposal.

Judgment may enter authorizing the trustees to sell at public auction or private sale the real estate devised to them by said will and such of the furniture or other contents of the buildings thereon, bequeathed to them, as they deem unsuitable for use in such convalescent hospital as may be established elsewhere.

With the proceeds from said sale, the sum of $10,000 authorized by said will and the additional sum of $15,000 from the accumulated income of the trust, they are authorized to purchase suitable buildings within the town of Windham or a site within said town and to erect thereon suitable buildings to carry out the general intent expressed by Mr. Hatch in his will and to equip and adapt them for said purposes.

In the event the funds herein provided are insufficient for said purposes, the trustees are authorized to petition the court for additional funds from either accumulated income or principal of the residue of the estate to accomplish the purposes of the trust.

The sum of $281.49 is allotted to the trustees for attorneys' fees and expenses.