THE BACON MEMORIAL HOME *v.* JOHN J. BRACKEN, ATTORNEY GENERAL, ET AL.

SUPERIOR COURT        NEW LONDON COUNTY        FILE NO. 25602

Memorandum filed March 2, 1959

*Foster K. Sistare,* of New London, for the plaintiff.

*John J. Bracken,* attorney general, and *Louis Weinstein,* assistant attorney general, for the defendants.

TROLAND, J. This is an action for a declaratory judgment as to the power of the plaintiff in the administration of a trust established by the will of Morris W. Bacon, late of New London, deceased.

The trustees appointed in the will of Morris W. Bacon, admitted to probate in the Probate Court for the district of New London, as directed therein procured an act of incorporation from the General Assembly of Connecticut establishing The Bacon Memorial Home, and transferred the trust fund with its accumulations to said corporation. The purposes and objects of the corporation are stated to be to carry into effect the provisions of the will of Morris W. Bacon, "for the foundation, establishment and perpetual maintenance of a home for aged, respectable, indigent men, sixty-five years of age, or over, who have been residents of the City of New London and have been chosen and admitted by this corporation as beneficiaries to reside and be provided for in said home under such regulations as are prescribed by said corporation and to carry out the provisions of said last will and testament." Mr. Bacon's will was drawn in August, 1909, and was admitted to probate on May 18, 1911. The Bacon Memorial Home was incorporated May 23, 1941. By virtue of its charter, it was authorized to join with any other corporation, formed for like purpose within the town of New London, in the ownership and management of land, buildings and equipment to be used jointly or severally in the conduct of said home. Thereafter the plaintiff did join with the Hinkley Home Corporation, which had previously been organized for a similar purpose, in acquiring land and buildings on Pequot Avenue in New London, and since 1941 these corporations have jointly operated and maintained a home known as the Bacon-Hinkley Home, occupied by men sixty-five years of age, or over, who have been residents of New London.

Improvements and new construction required by the fire marshal have increased the facilities so that at the present time twenty persons may be accom-

modated in the home. At no time has the home been fully occupied. For the last four years, the occupancy of the home has been less than 50 per cent of capacity. The officers and members of the corporation are desirous of enlarging the area from which beneficiaries may be selected to include the towns of Waterford and Groton, which adjoin New London. These towns are in the New London area so-called, in which there are several public facilities operated for the joint benefit of all said communities. Since the accommodations are available, this proposal of the plaintiff seems to be a worthy object which would spread the benefits and blessings of The Bacon Memorial Home to include a greater number of worthy and deserving persons than are now eligible. The attorney general by his pleading seems to concur in the proposed plan.

The plaintiff seeks a decree authorizing and empowering it to admit to residence in the home men otherwise qualified who are residents of the towns of Waterford and Groton. It is suggested that the court has power to do this under the doctrine of approximation as adopted in Connecticut. Our Supreme Court of Errors has said: "The modified doctrine of *cy pres,* or of approximation, which we have adopted, arises out of and is limited by the necessities of the particular case, and it exists only when, and in so far as, the specific method adopted by the testator for carrying his general intent into effect can no longer be executed." *Newton* v. *Healy,* 100 Conn. 5, 10. In exercising its power under the doctrine of approximation, a court seeks just as nearly as may be to effectuate the intent of the testator. *Hayden* v. *Connecticut Hospital for Insane,* 64 Conn. 320, 324; *Shannon* v. *Eno,* 120 Conn. 77, 89.

The intent of the testator to create a public charity for the benefit of aged, respectable, indigent men,

sixty-five years of age, or over, who have been residents of the city of New London, is fully and clearly expressed. There is no mistaking his object and his purpose. His right to dispose of his property in the manner indicated cannot be questioned. The bequest was intended to be perpetual. The corporation created to hold the property through all coming time is burdened with the duty of making selections of beneficiaries from time to time, perpetually. The selections are to be made from those who "have been residents of the City of New London." There has been no failure of the trust. There still are eligible persons selected from New London enjoying the benefits of the trust, and the court is entitled to take judicial notice that there will be such in the future. "The poor ye have always with you." The present facilities exceed the present need. However, the fact that at any particular time there are only a few, or even no, persons qualified to receive the benefit intended by a charitable bequest is not necessarily a reason for holding that it has failed, and if no other disposition of the income is provided, it may be permitted to accumulate to await the time when proper beneficiaries are to be found. *Hartford National Bank & Trust Co.* v. *Oak Bluffs First Baptist Church,* 116 Conn. 347, 353. Indeed, Morris Bacon provided that if the net income from his trust funds, delivered to The Bacon Memorial Home, "should be more than necessary for the proper maintenance and support of said Home, any surplus of said net income is to be added to the principal fund and become a part thereof."

Mr. Bacon was aware of the trust under the will of Seth Smith, late of New London, establishing the Smith Memorial Home for "aged respectable, indigent women, who have been residents of the City of New London." He suggested that the plan of said home be adopted in the management of the home to

be provided for. At the hearing on this matter, the court indicated its inclination to advise the plaintiff in a manner favorable to the proposed plan. After a careful examination of the authorities cited herein, however, and feeling bound by them, I cannot do so. We cannot write a new will for Mr. Bacon. Although the desire of the home to extend the benefit of Mr. Bacon's bounty is commendable, the situation at the present time does not, under the law, warrant the extension of the class of beneficiaries beyond the limits of the group selected by the maker of the will himself. This is in accord with the rigid rule for the guidance of trustees recently laid down by our Supreme Court of Errors. *Conway* v. *Emeny,* 139 Conn. 612, 621. The objects of Mr. Bacon's bounty are definite and certain. His wishes can be carried out and are being carried out. On the admitted facts, there is no justification for the Superior Court to apply the doctrine of approximation as established by our law to enlarge the area of selection and class of beneficiaries as requested.

The plaintiff also requests a decree authorizing it to admit to the residence men who formerly resided in the city of New London but who are no longer residents thereof. A similar phrase to that in the Bacon will was used in the Smith will, establishing the Smith Memorial Home. The persons to be benefited by the latter were those who "have been residents of the city of New London." In construing the Smith will, our Supreme Court of Errors held that the phrase had an obvious meaning and that it meant "when selections shall be made, the parties selected shall *then* 'have been residents of the city of New London.'" *Coit* v. *Comstock,* 51 Conn. 352, 382. The court feels bound by this authority and cannot enlarge or modify it.

The parties are advised that the court cannot enter the decrees requested.

There is hereby allowed to counsel for the plaintiff $250 as fees and expenses payable out of the trust fund.

Judgment may enter without costs to either party.