THE HINKLEY HOME CORPORATION *v.* JOHN J. BRACKEN, ATTORNEY GENERAL, ET AL.

SUPERIOR COURT  NEW LONDON COUNTY  FILE No. 25603

Memorandum filed March 2, 1959

*Foster K. Sistare,* of New London, for the plaintiff.

*John J. Bracken,* attorney general, and *Louis Weinstein,* assistant attorney general, for the defendants.

TROLAND, J. This is an action for a declaratory judgment advising the plaintiff as to its powers and authority in carrying out certain trust provisions under the will of Samuel S. Hinkley, late of New

London, deceased. The will of Samuel S. Hinkley was admitted to probate in the Probate Court for the district of New London on March 31, 1911. The trustees appointed in said will, as directed in paragraph 7 thereof, applied to the General Assembly for an act of incorporation of The Hinkley Home Corporation, as a memorial to the testator's father and mother. The corporation was established May 9, 1913. The trustees thereafter transferred all of the residue of Mr. Hinkley's estate to said corporation.

The purpose and objects of the corporation are set forth in the will as "the founding, establishment and perpetual maintenance of a home for aged indigent men of respectable character who shall have been residents of the City of New London continually for five years or longer and who shall be chosen and admitted by said corporation as beneficiaries to reside and be provided for in said home under such regulations as may be prescribed or provided by or under such act of incorporation." The Hinkley will provided that the corporation should hold its trust funds and invest the same and accumulate a fund of $150,000 before incurring any expenditure for land and building for the home and that the cost of land and building should not exceed $25,000.

On July 16, 1940, land and buildings were purchased, and thereafter an undivided four-fifths interest in said property was conveyed to the Bacon Memorial Home, a charitable corporation created by the General Assembly to carry out the provisions of the will of Morris Bacon of New London in maintaining a home for aged, respectable, indigent men sixty-five years of age, or over, who have been residents of the city of New London. The Bacon Memorial Home was duly authorized in its charter to join with any other corporation formed for like purpose within the town of New London in the ownership and management of land, buildings and

equipment to be used jointly or severally in the conduct of said home. Thereafter, commencing in 1941, the plaintiff and the Bacon Memorial Home jointly operated and maintained a home known as the Bacon-Hinkley Home, occupied by men sixty-five years of age, or over, who have been residents of New London.

Improvements and new construction required by the fire marshal have increased the facilities so that at the present time twenty persons may be accommodated in the home. At no time has the home been fully occupied. For the last four years the occupancy of the home has been less than 50 per cent of capacity. The officers and members of the plaintiff corporation are desirous of enlarging the area from which beneficiaries may be selected to include the towns of Waterford and Groton, which adjoin New London. These towns are in the New London area, so-called, in which there are several public facilities operated for the joint benefit of all said communities. Since the accommodations are available, this proposal of the plaintiff seems to be a worthy object which would spread the benefits and blessings of the Hinkley Home to include a greater number of worthy and deserving persons than are now eligible. The attorney general by his pleading seems to concur in the proposed plan.

The plaintiff seeks a decree authorizing and empowering The Hinkley Home Corporation to admit to residence in the home, at the discretion of the board, men who formerly resided in the city of New London but who are no longer residents thereof, and also men who are residents of the towns of Waterford and Groton. Our Supreme Court of Errors has said: "The modified doctrine of *cy pres,* or of approximation, which we have adopted, arises out of and is limited by the necessities of the particular

case, and it exists only when, and in so far as, the specific method adopted by the testator for carrying his general intent into effect can no longer be executed." *Newton* v. *Healy,* 100 Conn. 5, 10. In exercising its power under the doctrine of approximation, a court seeks just as nearly as may be to effectuate the intent of the testator. *Hayden* v. *Connecticut Hospital for Insane,* 64 Conn. 320, 324; *Shannon* v. *Eno,* 120 Conn. 77, 89.

The intent of the testator to create a public charity for the benefit of aged, respectable, indigent men, sixty-five years of age, or over, who have been residents of the city of New London is fully and clearly expressed. There is no mistaking his object and his purpose. His right to dispose of his property in the manner indicated cannot be questioned. The bequest was intended to be perpetual. The corporation created to hold the property through all coming time is burdened with the duty of making selections of beneficiaries from time to time, perpetually. The selections are to be made from those who "have been residents of the City of New London." There has been no failure of the trust. There still are eligible persons selected from New London enjoying the benefits of the trust, and the court is entitled to take judicial notice that there will be such in the future. "The poor ye have always with you."

The present facilities exceed the present need. However, the fact that at any particular time there are only a few, or even no, persons qualified to receive the benefit intended by a charitable bequest is not necessarily a reason for holding that it has failed, and if no other disposition of the income is provided, it may be permitted to accumulate to await the time when proper beneficiaries are to be found. *Hartford National Bank & Trust Co.* v. *Oak Bluffs First Baptist Church,* 116 Conn. 347, 353.

The assets of the Hinkley Home Corporation, including all increases since 1913, are only one-fifth of the capital that is presently being used in the management of the combined Bacon-Hinkley Home. Mr. Hinkley was aware that the property left by him was insufficient to provide the home he had in mind for aged New London men, until by safe investment and with all its net income added to the principal and accumulated over the years the trust fund should amount to $150,000. This appears to be the approximate value of the Hinkley assets at present. Mr. Hinkley lived in New London, but was familiar with Waterford and owned farm property there which he devised to a close friend. It is significant that in selecting the area to benefit from the home he did not include Waterford. Mr. Hinkley was aware of the trust under the will of Seth Smith, late of New London, establishing the Smith Memorial Home for "aged, respectable, indigent women, who have been residents of the city of New London." He recommended that the plan of management of the Hinkley Home be similar to that of the Smith Home.

At the hearing on this matter, the court indicated its inclination to advise the plaintiff in a manner favorable to the proposed plan. After a careful examination of the authorities cited herein, however, and feeling bound by them, I cannot do so. We cannot write a new will for Mr. Hinkley. Although the desire of the home to extend the benefit of Mr. Hinkley's bounty is commendable, the situation at the present time does not, under the law, warrant the extension of the class of beneficiaries beyond the limits of the group selected by the maker of the will himself. This is in accord with the rigid rule for the guidance of trustees recently laid down by our Supreme Court of Errors. *Conway* v. *Emeny,* 139 Conn. 612, 621. The objects of Mr. Hinkley's bounty

are definite and certain. His wishes can be carried out and are being carried out. On the admitted facts there is no justification for the Superior Court to apply the doctrine of approximation as established by our law to enlarge the area of selection and class of beneficiaries as requested.

The plaintiff also requests a decree authorizing it to admit to the residence men who formerly resided in the city of New London but who are no longer residents thereof. A similar phrase to that in the Hinkley will was used in the Smith will, establishing the Smith Memorial Home. The persons to be benefited by the latter were those who "have been residents of the city of New London." In construing the Smith will, our Supreme Court of Errors held that the phrase had an obvious meaning, and that it meant "when selections shall be made, the parties selected shall *then* 'have been residents of the city of New London.'" *Coit* v. *Comstock*, 51 Conn. 352, 382. The court feels bound by this authority and cannot enlarge or modify it.

The parties are advised that the court cannot enter the decrees requested.

There is hereby allowed to counsel for the plaintiff $250 as fees and expenses payable out of the trust fund.

Judgment may enter without costs to either party.