77 N.J. Super. 129 (1962)
185 A.2d 436
ROBERT H. STOOLMAN, AN INFANT BY HIS FATHER AND GUARDIAN AD LITEM, HERBERT L. STOOLMAN AND HERBERT L. STOOLMAN, INDIVIDUALLY, PLAINTIFFS,
v.
CAMDEN COUNTY COUNCIL BOY SCOUTS OF AMERICA, AN ASSOCIATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 26, 1962.
*130 Mr. Philip G. Steel, attorney for plaintiffs.
Messrs. Kisselman, Devine, Deighan and Montano, attorneys for defendant.
R. COOPER BROWN, J.C.C. (temporarily assigned).
This is an action brought by the plaintiff, Robert H. Stoolman, an infant, by his father and guardian ad litem, Herbert L. Stoolman and Herbert L. Stoolman individually, for damages incurred as a result of injuries sustained by Robert H. Stoolman which were allegedly caused by the negligence of the defendant, Camden County Council Boy Scouts of America. The matter comes before the court on motion of the defendant for summary judgment in favor of the defendant against the plaintiff. In its motion the defendant contends that the complaint against it must be dismissed because this suit falls within the purview of N.J.S. 2A:53A-7 et seq., which *131 grants to nonprofit corporations organized for religious, charitable, educational or hospital purposes immunity from suits in negligence brought by a beneficiary of said corporation.
The facts, which are not disputed, are that Robert H. Stoolman joined the Cub Scouts on January 18, 1960 and was assigned to Den 51 in Haddonfield, New Jersey. Den 51 is organized under and is a part of the Camden County Council Boy Scouts of America, defendant herein. Defendant is the local chapter of the Boy Scouts of America and is in charge of the promotion, supervision and administration of the boy scout movement within Camden County.
On May 5 and 6, 1961 a boy scout exposition was held in an auditorium called the Ice House (now known as the Delaware Valley Garden), which is located in Cherry Hill Township, Camden County, New Jersey. The exposition was sponsored by the defendant to demonstrate scouting activities to the general public. Every boy scout group in Camden County, which included the cub scout units, was invited to participate in the exposition. The plaintiff's cub pack, Den 51 of Haddonfield, New Jersey, attended the exposition.
Among the exhibits and demonstrations set up in the auditorium in which the exposition took place was a boy scout physical fitness test known as a rope and ladder climb. The plaintiff was injured while taking part in this test, and his suit against the Camden County Council Boy Scouts of America is based on this injury.
N.J.S. 2A:53A-7, effective June 11, 1959, provides as follows:
"No nonprofit corporation, society or association organized exclusively for religious, charitable, education or hospital purposes shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one *132 unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association; but nothing herein contained shall be deemed to exempt the said agent or servant individually from their liability for any such negligence." (L. 1959, c. 90, § 1.)
Whether or not the defendant meets all the requirements of the above-stated statute is the issue to be decided in this opinion.
The first qualification of the statute is that only a nonprofit organization, society or association is within the purview of the immunity granted by this law. The court is satisfied that the defendant has been and is a nonprofit corporation of the State of New Jersey and was so registered, as required by law, on May 23, 1921.
The statute, as passed, requires certain attributes to be possessed by a nonprofit corporation before it can plead the statute as a defense to a suit for negligence. The nonprofit corporation must be organized for religious, educational, charitable or hospital purposes. No issue is raised as to whether or not the defendant has religious or hospital purposes. The issue before this court, therefore, is whether or not the Camden County Council of the Boy Scouts of America has charitable or educational purposes.
While there are no reported appellate decisions in New Jersey defining the nature of the boy scout movement, many courts outside of our jurisdiction have been faced squarely with the issue of whether or not the Boy Scouts of America is charitable or educational in nature. In Camden County Council Boy Scouts of America v. Bucks County, 13 Pa. D. & C. 213 (1930), the Pennsylvania trial court characterized the Boy Scout Council as "educational in its purpose and charitable in its character."
This decision was cited favorably by the Supreme Court of Errors of Connecticut in Charter Oak Council, Inc., Boy Scouts of America v. Town of New Hartford, 121 Conn. 466, 185 A. 575 (1936), where the court stated:
*133 "The conclusion that the plaintiff corporation is organized exclusively for educational and charitable purposes * * * [is] amply supported by the court's findings * * *."
The California District Court of Appeal was confronted with substantially the same factual and legal issues as are at bar of this court. Young v. Boy Scouts of America, 9 Cal. App.2d 760, 51 P.2d 191 (1936). In that case a negligence suit was commenced by a scout against the local and national organizations of the Boy Scouts of America for an injury sustained while returning from a scouting trip. The State of California had a charitable immunity doctrine in effect, and the issue was whether or not the defendant was a charitable institution and therefore immune from suit. The California court, in holding that both the local and national councils of the Boy Scouts of America are charitable organizations and therefore immune from suit, stated:
"In our opinion, the complaint fails to state a cause of action against the two corporation defendants. The Boy Scouts of America was organized under an act of Congress, June 15, 1916 (36 USCA § 21 et seq.), providing that its constitution and bylaws be filed with and that regular annual reports be made to that body. We must take judicial notice of that act of Congress and of the Constitution and bylaws and reports so filed. Cod. Civ. Proc. § 1875; Sheehan v. Vedder, 108 Cal. App. 419, 292 P. 175. We not only have such knowledge of the form of organization, purposes, and method of operation of the first-named corporation defendant, but, as alleged, the second-named corporation defendant was organized and is operating in accordance with the plan provided for in said constitution and bylaws. With this knowledge before us, it must be held that these corporation defendants are eleemosynary and charitable institutions." (51 P.2d at page 193)
This court is strongly influenced by the decision in Leeds v. Harrison, 7 N.J. Super. 558 (1950), in which the Appellate Division held that the Young Men's Christian Association, popularly known as the Y.M.C.A., is a charitable organization. The identity of interest between the Y.M.C.A. and the boy scout movement in their effort to better society is similar and, therefore, I believe sufficient to hold that the *134 defendant herein is a charitable organization within the spirit of the statute.
Contrary to the contention of the plaintiff, the fact that the defendant is administered by a "council of members" and not a "board of trustees or managers" is not fatal to its status as a nonprofit charitable organization. R.S. 15:1-8, relating to the definition of "trustees" in nonprofit charitable corporations, states:
"The term `trustees' as used in this title shall include `managers,' `directors,' `governors,' or `governing body' by whatever name called." (Emphasis added.)
The court also finds that the fact that some members of the council of members are not elected by the defendant, but rather are appointed by outside organizations, is not fatal to the defendant's status as a nonprofit charitable organization. N.J.S.A. 15:1-7 provides in part:
"The trustees shall be elected by the members or as the certificate of incorporation or the bylaws shall provide * * *."
Article IV, Section 2 of the constitution of the Camden County Council of the Boy Scouts of America provides for such outside membership as required by N.J.S.A. 15:1-7. That section provides:
"Each institution or group of citizens to which a charter is granted by the National Council to conduct one or more recognized Scouting units (troop, pack, Explorer unit, etc.) shall be entitled to elect a representative (not the unit leader or assistant unit leader) as a member of the local council. Additional members shall be elected representing the religious, civic, educational, business and labor interest of the council territory, provided, however, that the members elected at large shall constitute a minority of the total membership of the council."
It is the opinion of this court, therefore, that the Camden County Council of the Boy Scouts of America is a charitable and educational organization in the contemplation of N.J.S. 2A:53A-7.
*135 N.J.S. 2A:53A-7 further requires that the nonprofit organization must be organized exclusively for religious, charitable, educational, or hospital purposes.
Article II of the constitution of the defendant (referred to in the affidavit) states the defendant's purposes are as follows:
"The purpose of this organization is to promote, supervise, and administer the educational and recreational program of the Boy Scouts of America for character development, citizenship training, and physical fitness * * *." (Emphasis added.)
It is the contention of counsel for the plaintiff that the word "recreational" cited above is fatal to the immunity claimed by the defendant in that its purpose is not therefore exclusively religious, charitable, educational or hospital.
After careful and exhaustive consideration of this point, this court does not consider such wording fatal to the claim of immunity for the following reasons:
The term "educational" is generic and could include "recreational" even if the word "recreation" was not used in the defendant's constitution. Education is defined as "discipline of mind or character through study or instruction." Webster's New Collegiate Dictionary. Article II of defendant's Constitution supra, states that the purpose of education and recreation is for character development, citizenship training, and physical fitness. This discipline of character through instruction is fulfilled in part by the instruction and learning of the rules of games and activities supervised and promoted by the Boy Scout Council. Hence, in fulfilling one of its purposes, viz., physical fitness through recreation, the purpose of education is simultaneously fulfilled through the instruction and learning of the games which develop the character and citizenship of the individual boy scout along with his physical fitness. Hence, the term "educational" and "recreation" are not mutually exclusive but rather are overlapping.
Having decided that the defendant is a charitable organization, there is no reason why the aspect of recreation could *136 not be encompassed by this status. No interpretation could sustain the contention that recreation is prohibited in a charitable organization. While the court was not squarely faced with this issue in Leeds v. Harrison, 7 N.J. Super., 558, Ch. Div. (1950), the court in holding that the Y.M.C.A. is a charitable organization had ample opportunity to address itself to the recreational aspect since recreation is such a primary and obvious function of the Y.M.C.A. It would seem reasonable that if recreation would be fatal to the status of a charitable organization, the court would have taken that opportunity to so decide.
A further qualification in the statute is that the person suing the nonprofit corporation must be "a beneficiary, to whatever degree, of the works of such nonprofit corporation, society, or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society or association or of its agent or servant where such person is unconcerned in and unrelated to and outside of the benefaction of such corporation, society or association * * *" in order for the corporation to claim immunity.
It is noteworthy that counsel for the plaintiff does not argue that the plaintiff, Robert H. Stoolman, is not a beneficiary of the defendant, as required by the statute for immunity. The benefits of the boy scout movement are primarily conferred on the individual cub scouts and boy scouts. At the time of the accident Robert H. Stoolman was a cub scout in good standing and was receiving the benefit and advantage of the defendant corporation within the purview of the statute.
The court is not swayed by plaintiff's argument that the defendant is covered by insurance and that the real loss is on the insurance carrier and not the Camden County Council of the Boy Scouts of America. The purpose of insurance is to indemnify against loss. The loss, however, must be suffered by the insured before the obligation is incurred to *137 the insurance carrier. If there is no loss to the insured, there is no liability to the insurance carrier.
While the court is cognizant that a summary judgment should be granted only with caution, the court is aware of its obligation to grant such a remedy where it is warranted. N.J.S. 2A:53A-10, which relates to the construction to be given to N.J.S.A. 2A:53A-7, provides:
"This act shall be deemed to be remedial and shall be liberally construed so as to afford immunity to the said corporations, societies and associations from liability as provided herein in furtherance of the public policy for the protection of nonprofit corporations, societies and associations organized for religious, charitable, educational or hospital purposes."
Summary judgment of dismissal, with prejudice, in favor of the defendant is hereby granted.