ANTHONY HAUSER, PLAINTIFF, v. YOUNG MEN'S CHRIS-
TIAN ASSOCIATION OF RAHWAY, NEW JERSEY, DE-
FENDANT.

Superior Court of New Jersey
Law Division

Decided April 21, 1966.

---

*Mr. Albert M. Bukosky* for plaintiff (*Mr. Walter S. Pryga,* attorney).

*Mr. Guy H. Haskins, Jr.* for defendant (*Messrs. Haskins, Robottom & Hack,* attorneys).

FELLER, J. S. C. Plaintiff Anthony Hauser instituted this action against defendant Young Men's Christian Association of Rahway, New Jersey, in order to recover for damages resulting from injuries sustained allegedly as a result of defend-

ant's negligence. Defendant moves for summary judgment on the basis that it is immune from liability for negligence by virtue of *N. J. S.* 2A:53A–7.

The facts of this case do not appear to be in dispute. Plaintiff alleges that he was a resident and member of defendant organization and that he resided at a building owned and operated by it from June 5 until June 22, 1964. As a result of his residence at, and membership in, defendant organization he was entitled to use the various recreational facilities operated by it. One such facility is the swimming pool, and it is plaintiff's contention that while using the pool on June 18, 1964 he sustained injuries on the diving board, which was in a defective condition because of defendant's negligence. Furthermore, he claims that defendant cannot take advantage of *N. J. S.* 2A:53A–7 because he was in essence its paying guest or tenant.

As stated, defendant, in opposition to plaintiff's claim, pleads immunity from suit by virtue of *N. J. S.* 2A:53A–7 and moves accordingly for summary judgment in its favor.

■■ It is generally recognized that summary judgment should be granted only when no genuine issue of material fact remains for trial. *C. B. Snyder Co. v. National Newark & Essex Banking Co. of Newark,* 14 *N. J.* 146 (1953). Keeping this proposition in mind, this court must now determine whether there is such a genuine issue. If one does, then the motion for summary judgment must be denied. If a genuine issue of material fact does not exist, then the motion must be granted.

To determine whether a genuine issue of material fact exists, it is necessary to turn to the pleadings and pretrial proofs. *Baldwin Const. Co. v. Essex County Bd. of Taxation,* 24 *N. J. Super.* 252 (*Law Div.* 1952), affirmed 27 *N. J. Super.* 240 (*App. Div.* 1953).

■ Looking to the afore-mentioned sources, this court is of the opinion that no genuine issue of material fact exists. In fact, it would seem the parties have recognized that this is so.

What remains is a question of law, and that is whether or not defendant comes within the purview of *N. J. S.* 2A:53A–7, in view of the fact that plaintiff was its paying guest. *N. J. S.* 2A:53A–7 reads as follows:

"No nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association; but nothing herein contained shall be deemed to exempt the said agent or servant individually from their liability for any such negligence."

Whether defendant is a nonprofit corporation within the purview of this statute depends on whether it meets the requirements set forth therein. In *Leeds v. Harrison,* 9 *N. J.* 202 (1952), the court said:

"The defendant association is religious, charitable and benevolent in nature. *Trustees of the Young Men's Christian Association v. City of Paterson,* 61 *N. J. L.* 420 (*Sup. Ct.* 1898); *Bible Readers' Aid Society of Trenton v. Katzenbach,* 97 *N. J. Eq.* 416 (*Ch.* 1925); *Young Men's Christian Association v. Mayor, &c., City of New York,* 113 *N. Y.* 187, 21 *N. E.* 86 (*Ct. App.* 1889). A trust is public or charitable if the subject property is devoted to the accomplishment of purposes which are beneficial or may be supposed to be beneficial to the community. *Wilber v. Owens,* 2 *N. J.* 167 (1949); *Scott on Trusts, sec.* 348, 364, 368. Trusts for the advancement of religion or education or for other purposes beneficial to the community are charitable. *MacKenzie v. Trustees of Presbytery of Jersey City,* 67 *N. J. Eq.* 652 (*E. & A.* 1905); *Jones v. Watford,* 62 *N. J. Eq.* 339 (*Ch.* 1901), modified 64 *N. J. Eq.* 785 (*E. & A.* 1902); *Vineland Trust Co. v. Westendorf,* 86 *N. J. Eq.* 343 (*Ch.* 1916), affirmed 87 *N. J. Eq.* 675 (*E. & A.* 1917); *Commissioners for Special Purpose of Income Tax v. Pemsel,* (1891), *A. C.* 531, 583. But the society itself is essentially a voluntary private eleemosynary institution rather than a public corporation in the strict legal sense. The use to be administered is public and charitable, but the organization and management are private."

Clearly, this pronouncement by our Supreme Court makes it conclusive that defendant comes within the purview of the statute in question. Considering this pronouncement in *Leeds,* along with the affidavit of defendant's general secretary that defendant is a nonprofit corporation, there can be no doubt that the first requirement of *N. J. S.* 2A:53A–7 is met.

 The next statutory requirement to be determined is whether plaintiff was a beneficiary of defendant's good work at the time of the accident. From the facts it is clear that plaintiff was staying in defendant's building. It is also an undisputed fact that while staying there he was entitled to the privileges of general membership. Taking these two facts into consideration, it is the opinion of this court that plaintiff was a beneficiary of defendant's good works at the time of the accident in question.

 Having decided that defendant can avail itself of the protection of *N. J. S.* 2A:53A–7 by virtue of the fact that it meets the requirements of the afore-mentioned statute, and having ruled that plaintiff was a beneficiary of its good works, it must now be determined if the paying guest status of the plaintiff prevents the application of *N. J. S.* 2A:53A–7. For the following reasons it is the opinion of this court that plaintiff's status does not prevent defendant from availing itself of the protection of *N. J. S.* 2A:53A–7.

First, a companion statute of *N. J. S.* 2A:53A–7, namely, *N. J. S.* 2A:53A–9, provides:

"For the purposes of this act but not in limitation thereof, the buildings and places actually used for colleges, schools, academies, seminaries, historical societies, public libraries, religious worship, charitable or hospital purposes, the moral and mental improvement of men, women and children, nursing homes, rest homes, parish houses, auditoriums, houses of and for prayer and buildings and places, however named or designated, operated and maintained for equivalent uses, when so operated and maintained by any such nonprofit corporation, society or association, shall be deemed to be operated and maintained for a religious, charitable, educational or hospital purpose."

With respect to this case, the key language in this statute is the phrase "moral and mental improvement of men [and] women." Certainly the building owned and operated by defendant is used for the exact purpose enumerated by the afore-mentioned phrase. On this basis the building is considered used for those purposes enumerated in *N. J. S.* 2A:53A–7. If it is used for such purposes, the organization so using it, having met the requirements of *N. J. S.* 2A:53A–7 necessary for immunity, cannot be deprived of that immunity simply because it owns and operates a building. In short, the mere fact that defendant owns a building into which beneficiaries of its good works will come and use its facilities does not wipe out the immunity provided by *N. J. S.* 2A:53A–7 because a new status of the parties arises, *i. e.*, that of landlord and tenant. To hold that such immunity is wiped out would be to penalize a nonprofit corporation coming within the purview of *N. J. S.* 2A:53A–7 for operating its own facilities for carrying out its good works. This could not have been the intention of the Legislature.

Second, the case of *Gould v. Theresa Grotta Center,* 83 *N. J. Super.* 169 (*Law Div.* 1964), does, in the opinion of this court, support the interpretation of the afore-mentioned statutes with respect to this case. Plaintiff there was a patient in defendant's nursing home. The home was supported by contributions of various charitable organizations and patient fees. While a patient in the defendant home, plaintiff slipped and fell on some water which had been allowed to accumulate on the floor. As a result of the injuries sustained plaintiff instituted suit. Defendant moved for summary judgment on the ground that it was immune from suit by virtue of *N. J. S.* 2A:53A–7. In passing on the motion the court also considered *N. J. S.* 2A:53A–9 and held, under the facts of the case, that defendant came within the purview of both statutes and was entitled to immunity. It is significant that in so deciding the court found no problem resulting from the fact that plaintiff was temporarily residing in the defendant's establishment, or that she was making payment for such

residency. In spite of that fact, the court still held that defendant was immune from suit.

Comparing the facts in *Gould* to those in this case, this court can see no difference. Here defendant, as in *Gould*, is engaged in activities which bring it within the purview of *N. J. S.* 2A:53A–7. Again as in *Gould*, plaintiff made payment for the use of defendant's facilities. Considering these factors and also having the advantage of the decision in *Gould*, this court is unable to see why a result different from that rendered in *Gould* should be reached here. This is especially true when one considers that *N. J. S.* 2A:53A–7 was designed to insure that the funds of nonprofit corporations engaged in charitable, educational, religious or hospital purposes would be used to the fullest extent to carry out their good works. In this case, defendant is a nonprofit corporation which charges certain fees for use of its facilities. Its fees do not begin to cover the entire cost of operating its extensive facilities, and so it turns to fund-raising to carry out its major purpose. Considering this and the legislative purpose as embodied in the statutes under consideration, it would, in the opinion of this court, be inconsistent with the legislative purpose to deprive defendant of its immunity simply because it charges fees in certain instances.

Therefore, on the basis of *N. J. S.* 2A:53A–7 and *N. J. S.* 2A:53A–9 and the interpretation given to them by the courts of this State, and for the afore-mentioned reasons expressed by this court, defendant's motion for summary judgment is granted.

An appropriate judgment in accordance with this opinion, duly consented to as to form or settled upon notice pursuant to *R. R.* 4:55–1, shall be submitted.