95 N.J. Super. 205 (1967)
230 A.2d 513
HELEN N. PEACOCK AND WALTER H. PEACOCK, PLAINTIFFS-RESPONDENTS,
v.
BURLINGTON COUNTY HISTORICAL SOCIETY, A CORPORATION OF THE STATE OF NEW JERSEY, ET AL., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1967.
Decided May 25, 1967.
*206 Before Judges CONFORD, FOLEY and LEONARD.
Mr. David P. Loughran argued the cause for appellant (Messrs. Sutton, Ward, Sutton & Heim, attorneys).
Mr. Louis P. Introcaso argued the cause for respondent (Messrs. Novogrod, Sugarman & Introcaso, attorneys).
The opinion of the court was delivered by FOLEY, J.A.D.
Plaintiff Helen N. Peacock brought a Law Division action to recover damages for personal injuries sustained on November 11, 1964 when a chair in defendant's premises, upon which she intended to sit, slipped from under her and she fell to the floor. Her husband sued per quod.
The case was tried before a jury which returned verdicts in favor of the respective plaintiffs in the amounts of $750 and $175. At the close of plaintiffs' case defendant moved for an involuntary dismissal upon the ground that as a nonprofit society, organized for charitable or educational purposes it was immune from plaintiffs' claims under N.J.S. 2A:53A-7 (L. 1959, c. 90). The court reserved decision. Subsequent to the trial the motion was denied. The sole question here involved is whether the facts of this case bring it within the claimed immunity.
On the day of the accident the Peacocks, by appointment, called at the premises where the Society maintained two buildings, one a library. The purpose of their call was to enable Mr. Peacock to obtain genealogical information. Mrs. Peacock had no interest whatever in that matter and went *207 with her husband merely to keep him company and to enjoy an automobile ride. Peacock conversed with the curator in charge and plaintiffs were then taken to the library building where Peacock, with the aid of the curator, examined "one or two books" in search of the desired information. Meanwhile, Mrs. Peacock, to pass the time while she waited for her husband, casually viewed exhibits and maps which were displayed for the benefit of any member of the public who chose to avail himself of the library facilities. Mrs. Peacock testified:
"Well, I started looking around at the exhibits. They were interesting articles, on display, and Mrs. Pugh and my husband were looking at books and records, I assume. I wasn't paying too much attention to them, because that wasn't of any interest to me. I mean, I was looking at visible things.

* * * * * * * *
Well, I think it was about a half an hour later, after I had seen all there was to be seen, I came over to sit down beside my husband who was sitting at the end of the table. As I started to sit down, I started to lower my body into this chair, and the chair slipped out from under me, and I went down on my spine, on my buttocks." (Emphasis added)
Upon this state of facts the trial judge, relying on Mayer v. Fairlawn Jewish Center, 71 N.J. Super. 313 (App. Div. 1961), reversed on other grounds 38 N.J. 549 (1962), held that Mrs. Peacock was not a beneficiary of the works of the Society and consequently was not barred by N.J.S. 2A:53A-7, supra. We conclude that the court was in error.
The pertinent parts of N.J.S. 2A:53A-7 are as follows:
"No nonprofit corporation, society or association organized exclusively for * * * charitable, educational * * * purposes shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such society * * * where such person is a beneficiary, to whatever degree, of the works of such * * * society * * * provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such * * * society * * * where such person is one unconcerned in and unrelated to and outside of the benefactions of such * * * society * * *."
*208 N.J.S. 2A:53A-10 provides:
"This act shall be deemed to be remedial and shall be liberally construed so as to afford immunity to the said corporations, societies and associations from liability as provided herein in furtherance of the public policy for the protection of the nonprofit corporations, societies and associations organized for religious, charitable, educational or hospital purposes."
In Mayer v. Fairlawn Jewish Center, supra, this court and the Supreme Court held that defendant was not immunized from the claim of a plaintiff who was present at the Jewish Center to perform work for his employer, with whom defendant had contracted. The crux of the holding was that in those circumstances plaintiff was not a recipient of the benefactions of defendant, or in the words of the statute, he was "outside" of its "benefactions."
In Anasiewicz v. Sacred Heart Church, 74 N.J. Super. 532 (App. Div. 1962), certification denied 38 N.J. 305 (1962), we distinguished Mayer and held that the claim there litigated was barred. In that case plaintiff, not a member of defendant church, had attended a wedding therein and while leaving the church slipped and fell on the entrance steps sustaining injuries. It was argued by plaintiff that "she was no more than a spectator at an event which from time immemorial has lured and attracted women of all creeds and religious beliefs," and as a mere spectator she was not a "beneficiary" of the "works of the church." We rejected this thesis. It was our view that whether or not plaintiff actually benefited spiritually by her attendance at the ceremony was of no moment, and that in providing the situs of the ceremony the church contributed to the preservation of the moral or sociological concepts held by the community generally. Thus the works of the institution were a benevolence shared in common by plaintiff with all members of the community.
In the present case plaintiffs argue that since Mrs. Peacock's visit to the library was prompted only by her desire to accompany her husband while he sought information in which *209 she had not the slightest interest, she was unconcerned in, unrelated to and outside the benefactions of defendant. In view of the specific legislative mandate that the act should be deemed remedial and liberally construed to afford immunity to the charitable or educational institution, and having in mind always the attendant background and reasons for the enactment of the legislation, see Anasiewicz v. Sacred Heart Church, supra, 74 N.J. Super., at pp. 535-536, we do not find the test suggested by plaintiff to be acceptable. Rather, we think that the emphasis should be placed upon defendant's works, i.e., the maps and exhibits provided by it which the plaintiff, for whatever reason, and however casually, elected to examine or view.
For this reason we conclude that Mrs. Peacock's activity on defendant's premises of defendant immediately before the accident was such as to classify her as a beneficiary of defendant's works at least in some degree, and that because of such activity she may not be deemed to be a person "unconcerned in and unrelated to and outside of the benefactions" of the Society.
Accordingly, the judgment is reversed with the direction that judgment be entered in favor of defendant.