142 N.J. Super. 471 (1976)
362 A.2d 39
SARAH JO POMEROY AND RICHARD POMEROY, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
LITTLE LEAGUE BASEBALL OF COLLINGSWOOD, DEFENDANT-RESPONDENT, AND TRUSTEES OF EDWARD C. KNIGHT PARK, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 8, 1976.
Decided June 18, 1976.
*472 Before Judges LYNCH, LARNER and HORN.
*473 Messrs. Jubanyik & Varbalow, attorneys for appellants (Mr. Frank V. Tedesco on the brief).
Messrs. Kisselman, Deighan, Montano & Summers, attorneys for respondent (Messrs. F. Herbert Owens, III and Robert T. Zane on the brief).
PER CURIAM.
Plaintiff Sarah Jo Pomeroy sued defendants Little League and the trustees of the Edward C. Knight Park alleging that she had been injured when some bleachers collapsed while she was watching a Little League game. Her husband sued per quod. A motion to dismiss the action against the codefendant park was granted and there was no appeal from that order.
Defendant Little League moved for summary judgment on the ground that N.J.S.A. 2A:53A-7, the charitable immunity statute, required dismissal of the action. The summary judgment motion was granted and plaintiffs appeal.
We affirm. Contrary to plaintiffs' contention, there was no genuine issue of material fact which required trial on the two issues involved here: whether defendant had been organized for exclusively educational purposes and whether plaintiff was a beneficiary of defendant's works. Both questions were purely a matter of law to be decided by the trial judge.
Defendant's certificate of incorporation states:
That the purpose for which it is formed is to give an opportunity to the boys of the Borough of Collingswood between the ages of 9 and 12 to play baseball under conditions approximating those in the big leagues as nearly may be made possible; to give the boys of the Borough of Collingswood an opportunity to learn the rules of baseball and play the game under organized supervision; to inculcate to players that spirit of fair play, sportsmanship and discipline which is the foundation of the American character.
The second article of defendant's constitution reads as follows:

*474 OBJECTIVE
(a) The objective of the Little League shall be to firmly implant in the boys of the community the ideals of good sportsmanship, honesty, loyalty, courage and reverence, so that they may be finer, stronger and happier boys and will grow to be good, clean healthy men.
(b) The objective will be achieved by providing supervised competitive athletic games. The supervisors shall bear in mind that the attainment of a special athletic skill or the winning of games is secondary, and the molding of future men of prime importance.
The trial judge was right in holding that defendant had therefore been formed for exclusively educational purposes. As noted by the Law Division in Stoolman v. Camden County Council Boy Scouts, 77 N.J. Super. 129 (Law Div. 1962):
The term "educational" is generic and could include "recreational" even if the word "recreation" was not used in the defendant's constitution. Education is defined as "discipline of mind or character through study or instruction." Webster's New Collegiate Dictionary. Article II of defendant's constitution, supra, states that the purpose of education and recreation is for character development, citizenship training, and physical fitness. This discipline of character through instruction is fulfilled in part by the instruction and learning of the rules of games and activities supervised and promoted by the Boy Scout Council. [at 135]
An earlier case, Leeds v. Harrison, 7 N.J. Super. 558 (Ch. Div. 1950), had reached a similar conclusion regarding the Young Women's Christian Association. We agree with the trial judge that the defendant organization cannot be distinguished from the Boy Scouts or the Y.W.C.A. for purposes of the charitable immunity statute. The only proof presented on the summary judgment motion was that defendant's exclusive purpose was the education of young people in the ideals of good sportsmanship, honesty, loyalty, courage and reverence, to the end that they may be stronger and happier, and that they may grow to be productive citizens. The fact that the objective was accomplished through the teaching and supervision of baseball skills does not vitiate the purpose.
*475 It is also clear that plaintiff here was a beneficiary of defendant's works. N.J.S.A. 2A:53A-7 provides that immunity from liability will not extend to anyone who is "unconcerned in and unrelated to and outside of the benefactions of such corporation." Clearly a spectator at a Little League baseball game is a beneficiary of defendant's works since it is not necessary to show that she personally received a benefit from the works of defendant. It is only essential that it be shown that at the time plaintiff was injured defendant was engaged in the performance of the charitable objectives it was organized to advance. Peacock v. Burlington Cty. Historical Society, 95 N.J. Super. 205 (App. Div. 1967); Anasiewicz v. Sacred Heart Church, 74 N.J. Super. 532 (App. Div. 1962).
Appellant refers us to Sommers v. Union Beach First Aid Squad, 139 N.J. Super. 425 (App. Div. 1976), which was decided after the trial judge in the instant case granted summary judgment. We do not regard that case as supportive of plaintiff's position. It is clear that the court in Sommers was following the precedents of Peacock and Anasiewicz, both supra, under the principles of which the trial judge below correctly granted summary judgment. The distinction between the case at bar (and Anasiewicz and Peacock) and Sommers is found in the following quotation from the latter:
In this case the charitable corporate defendant was not actually engaged in any particular activity at the time of the accident. The transitory condition allegedly leading to the fall was the result of personal conduct of a member washing his car in the driveway. Plaintiff was not receiving any benefit from defendant Squad at the time of the occurrence. Indeed, she was conferring a benefit. The activity productive of her alleged harm was not truly related to defendant's charitable purposes. [139 N.J. Super. at 432]
As stated, in the case before us the defendant was actually engaged in the performance of its charitable objectives it was organized to advance and plaintiff was not conferring a benefit upon it. She was a beneficiary.
*476 Hence, since there was clearly no issue of fact and since defendant was entitled to judgment as a matter of law, it was proper to grant summary judgment. R. 4:46-2; Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954).