663 A.2d 661

NEW JERSEY DISTRICT KIWANIS INTERNATIONAL,
PLAINTIFF, v. MAHENDRA GANDHI,
DEFENDANT.

Superior Court of New Jersey
Law Division Special Civil Part
Union County

Decided October 31, 1994.

*Russell H. Hulsizer,* Attorney for Plaintiff.

*Mahendra A. Gandi,* Defendant Pro Se.

## OPINION

DIETZ, J.S.C.

Simple justice requires a parent to be obligated to pay for a minor's educational trip when: (1) prior parental authorization is given; (2) the trip is not provided gratuitously; and (3) there is no agreement on any other form of payment. The trip provider must agree, in advance, that the minor or someone else will pay for the trip before the parent is relieved of responsibility.

## THE FACTS

On July 7, 1993, defendant Mahendra Gandhi executed a "Medical Questionnaire and Emergency Medical Treatment Authorization Form" that was transmitted to plaintiff. This was a condition precedent to enable defendant's fourteen year old son to attend the Fiftieth Annual Key Club International Convention in New Orleans. The boy was a Key Club member enrolled at a local suburban high school. Participation in this activity was not inconsistent with the life style provided by the defendant for his son.

The published tariff for this trip was $675 and there was no provision for gratuitous attendance.  The defendant indicated that his son had promised to pay for the trip; but, this was never communicated to the plaintiff.  No agreement was made in advance with the plaintiff by either the defendant or his son for such an arrangement.  The minor did, however, tender a personal check, prior to travel, to underwrite the costs of the trip.

The Kiwanis is a non-profit civic organization.  It initiated a student affiliate called the Key Club almost seventy years ago in a California high school.  Thousands of such extracurricular activities now exist across the world.  The organization's constitution provides that:

[t]he membership of individual Key Clubs shall consist of students from the four upper classes ... of the high school in which they are enrolled, who are interested in service, qualified scholastically, of good character, possessing leadership potential and having such other qualifications as shall be established by the local sponsoring Kiwanis club in co-operation with the proper school official.[1]

To achieve these goals, weekly motivational meetings are held and members perform special projects to benefit their school and community.

Each Key Club is sponsored by a local Kiwanis club whose members are business, civic and professional leaders.  Student membership is determined by each school administration.  Club activities are coordinated with the school principal and the student members are expected to adhere to school policies.  The goal of this extracurricular program is to develop responsible citizenship.

While attending the convention, defendant's fourteen year old son left plaintiff's supervision without permission, rented an automobile and drove it around New Orleans with other club members in violation of Louisiana law and Key Club rules.  His parents were contacted and he was expelled from the convention and flown home under adult supervision.  Costs incident to this expulsion

---

[1] Key Club, International Constitution article VI, § 1.

are not claimed. Plaintiff considered them part of its extended responsibility.

Almost immediately thereafter, this minor purchased another airline ticket and flew back alone to New Orleans which flagrantly flaunted his expulsion. Plaintiff was required to take additional remedial action to preserve its authority and maintain discipline at the convention for which, again, no claim is made. The record is silent as to whether defendant expressly permitted this return trip; but, the facts support the inference that there was a clear lack of adequate parental supervision which enabled this fourteen year old to access the considerable resources necessary to execute such irresponsible conduct.

There was no express agreement between the parties as to who had the obligation to pay for the cost of the minor's participation in the trip; but, defendant did benefit as a parent from plaintiff providing travel, food, lodging and supervision during the boy's participation in this extraordinary educational opportunity. The check originally tendered as payment was twice dishonored for insufficient funds. No alternative payment was ever made. Plaintiff demanded reimbursement for the costs of the trip from the defendant without success. The debt remains unsatisfied.

## THE LAW

The United States Supreme Court has recognized that "parents have an important 'guiding role' to play in the upbringing of their children." *H.L. v. Matheson*, 450 *U.S.* 398, 410, 101 *S.Ct.* 1164, 1172, 67 *L.Ed.*2d 388 (1981) (quoting *Bellotti v. Baird*, 443 *U.S.* 622, 633–39, 99 *S.Ct.* 3035, 3042–46, 61 *L.Ed.*2d 797 (1979)).

New Jersey's Supreme Court has declared that " 'the duty of parents to provide for the maintenance of their children is a principle of natural law.' " *Greenspan v. Slate*, 12 *N.J.* 426, 430, 97 *A.*2d 390 (1953) (quoting 1 *Blackstone's Commentaries* 447). The common law ignored issues concerning a parent's responsibility for the needs of a child. *Id.* at 431, 97 *A.*2d 390.

■ It is now uniformly accepted that there is a parental responsibility to provide necessaries which includes education. *See generally* 59 Am.Jur.2d § 44, at 188–89 (1987). A child's need for education and guidance to develop character and responsibility is to the mind and spirit the same nurture as food, clothing, shelter and medical attention are to the body. When denied, shameful consequences flow; but, there is still a judicial reluctance to disturb the parent/child relationship except for compelling reasons. *See In re D.T.,* 200 *N.J.Super.* 171, 176, 491 *A.*2d 7 (App.Div.1985).

New Jersey courts have determined that nonprofit sponsoring organizations such as Little League[2] and Boy Scouts[3] provide educational benefits to participating members. The Kiwanis sponsored Key Club qualifies for inclusion in this category.

The status of a third-party's capacity to recover the costs from a parent for furnishing "necessaries" to an infant child was first acknowledged in the dictum of *Tomkins v. Tomkins,* 11 *N.J.Eq.* 512 (Ch. 1858). That court looked to the third party to establish conduct in place of a parent, to provide that for which the parent had a moral obligation to do. *Id.* at 517.

In *Greenspan,* the New Jersey Supreme Court clarified a parent's duty to indemnify a third party for the costs of necessary medical treatment arranged, without parental consent, for a seventeen year old daughter who was a guest at the third-party's home. Simple justice required a remedy. *Greenspan, supra,* 12 *N.J.* at 431–32, 97 *A.*2d 390.[4]

---

[2] *Pomeroy v. Little League Baseball of Collingswood,* 142 *N.J.Super.* 471, 474, 362 *A.*2d 39 (App.Div.1976).

[3] *Stoolman v. Camden County Council Boy Scouts,* 77 *N.J.Super.* 129, 135, 185 *A.*2d 436 (Law Div.1962).

[4] *Cf. Freeman v. Robinson,* 38 *N.J.L.* 383 (Sup.Ct.1876) (holding that no action existed against a father for necessaries supplied to his minor child absent express or implied authorization). *See Recent Cases, Parent and Child—Duty to Support—Recovery by Third Parties,* 8 *Rutgers L.Rev.* 415, 417 (1953) (characterizing

## ANALYSIS

■ Defendant specifically authorized plaintiff to provide this trip with its ancillary services to his fourteen year old son. Absent this authorization, the boy would not have been permitted to attend the convention. Defendant now believes he is immunized from responsibility because an unenforceable contract exists between his fourteen year old son and plaintiff. Defendant is mistaken. There is no evidence that plaintiff ever intended to enter into a contract with defendant's fourteen year old son for the payment of the trip. More importantly, the tendering of a check without sufficient funds does not constitute consideration essential to create a binding contract. If anything, such conduct creates a strong inference of fraud.

■ There is no question that defendant has the legal duty to educate his son and provide, among other things, food and lodging. The authorization form effectively communicated parental consent for the boy to participate in a residential educational activity. As a result, plaintiff was required to provide food, lodging, supervision and travel to the youngster during the trip. These necessaries were not provided by plaintiff gratuitously and constitute a benefit to defendant for his son. Defendant should not be unjustly enriched at plaintiff's expense.

The court is satisfied that defendant had knowledge of his fourteen year old son's reckless behavior and exercised no appropriate supervision after his son's expulsion from the trip. Funds were made available to allow this minor to return to the scene of his miscreant activity. There is no evidence to contradict the inference that this was done, at the very least, with parental acquiescence that certainly could raise the specter of other parental culpability.

The facts support a finding that defendant's failure to pay for this trip is a breach of defendant's parental duty to be responsible

the *Greenspan* principle to hold a parent liable "for the neglect of his consequent legal duty to support and maintain his infant child").

for the costs of the educational experience this parent expressly authorized for his fourteen year old son.[5]

The court observed the conduct of the parties and defendant's son during the trial and their reaction to each other. The boy sat next to his father at the counsel table and never testified. Defendant offered no rebuttal to plaintiff's rendition of the salient events. In light of all the circumstances in the prosecution and defense of this case, the court orders judgment for plaintiff.

## CONCLUSION

In accordance with the foregoing, defendant Mahendra A. Gandhi is ordered to pay plaintiff the amount of $675.00, plus prejudgment interest and the costs of suit.

**IT IS SO ORDERED.**

---

[5] *See generally Grotsky v. Grotsky*, 58 *N.J.* 354, 356, 277 *A.2d* 535 (1971). *See also Newburgh v. Arrigo*, 88 *N.J.* 529, 543, 443 *A.2d* 1031 (1982) (commenting that, "in appropriate circumstances, the privilege of parenthood carries with it the duty to assure a necessary education for children"); *Greenspan v. Slate*, 12 *N.J.* 426, 435, 97 *A.2d* 390 (1953) (addressing the equitable principles underlying a parent's obligation to support and educate his child).