694 A.2d 600

CHRISTINA MORALES, A MINOR BY HER PARENT AND NATU-
RAL GUARDIAN, MARGARITA MARTINEZ, AND MARGARITA
MARTINEZ, INDIVIDUALLY, PLAINTIFFS–APPELLANTS, v.
NEW JERSEY ACADEMY OF AQUATIC SCIENCES, DEFEN-
DANT–THIRD–PARTY PLAINTIFF–RESPONDENT, v. CITY OF
CAMDEN BOARD OF EDUCATION, THIRD–PARTY DEFEN-
DANT.

Superior Court of New Jersey
Appellate Division

Argued May 7, 1997—Decided June 19, 1997.

Before Judges LONG, SKILLMAN and A.A. RODRÍGUEZ.

*Donald Schwartz* argued the cause for appellants (*Molotsky, Rabkin & Schwartz,* attorneys; *Adrienne Freya Jarvis,* on the brief).

*Jacqueline K. Lisiewski* argued the cause for respondent New Jersey Academy of Aquatic Sciences (*Margolis Edelstein,* attorneys; *Ms. Lisiewski,* on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

The issue presented by this appeal is whether the New Jersey Academy of Aquatic Sciences (Academy), a non-profit corporation which operates the New Jersey State Aquarium (Aquarium), is entitled to immunity from a suit under the Charitable Immunity Act (the Act), *N.J.S.A.* 2A:53A–7 to –11.

While visiting the Aquarium on a school trip, plaintiff Christina Morales slipped and fell on a piece of paper lying on a stairway, resulting in personal injuries. Plaintiff subsequently brought this action against the Academy, which was created, according to its certification of incorporation, "[t]o operate and manage an aquarium in the State of New Jersey for the instruction, entertainment and recreation of the public; [t]o acquire, exhibit and maintain living specimens of animals and to enhance their preservation and propagation; to acquire, exhibit and maintain a living collection of plants; [t]o provide for scientific research involving the observation, study and understanding of animals and aquatic ecosystems; [and][t]o provide educational opportunities for the public with respect to aquatic animals and plant life." The Academy filed a third party complaint for contribution and indemnification against the City of Camden Board of Education, which supervised plaintiff's trip to the Aquarium.

After discovery was completed, the Academy moved for summary judgment on the ground that it is entitled to immunity from suit under the Act. This motion was supported by the affidavit and deposition of the Academy's Director of Finance, which indicate that even though the Academy leases the Aquarium from the State for only $1, the Academy is solely responsible for the Aquarium's operations, which are financed through admission fees, sales of food and novelty items, proceeds from short-term rentals to outside parties, and charitable donations. The Director of Finance also stated that "the Academy does not have any arrangement for financial aid, grants or assistance from the state government." Plaintiff filed a cross motion for leave to file an amended

complaint adding the State and the Camden Waterfront Management Corporation as defendants.

The trial court granted the Academy's motion for summary judgment, holding that it is entitled to immunity under the Act, and denied plaintiff's cross-motion. Plaintiff appeals. We affirm.

*N.J.S.A.* 2A:53A–7 provides in pertinent part:

> No nonprofit corporation, society or association organized exclusively for religious charitable, educational or hospital purposes shall, except as is hereinafter set forth, be liable to respond in damages to any person who shall suffer damage from the negligence of any agent or servant of such corporation, society or association, where such person is a beneficiary, to whatever degree, of the works of such nonprofit corporation, society or association; provided, however, that such immunity from liability shall not extend to any person who shall suffer damage from the negligence of such corporation, society, or association or of its agents or servants where such person is one unconcerned in and unrelated to and outside of the benefactions of such corporation, society or association.

In addition, *N.J.S.A.* 2A:53–9 provides in pertinent part:

> [T]he buildings and places actually used for ... historical societies, public libraries, ... charitable ... purposes, the moral and mental improvement of men, women and children, ... however named or designated, operated and maintained for equivalent uses, when so operated and maintained by any such nonprofit corporation, society or association, shall be deemed to be operated and maintained for a religious, charitable, educational or hospital purpose.

Thus, for a suit to be barred by the Act, a defendant must be a "nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes," and the plaintiff must be "a beneficiary" of its "works." *See Parker v. St. Stephen's Urban Dev. Corp.*, 243 *N.J.Super.* 317, 324, 579 *A.*2d 360 (App.Div.1990). Since it is undisputed that plaintiff was "a beneficiary" of the Academy's operation of the Aquarium, see *Pomeroy v. Little League Baseball of Collingswood*, 142 *N.J.Super.* 471, 475, 362 *A.*2d 39 (App.Div.1976), the only issue we need to address is whether the Academy was "organized exclusively for charitable [or] educational purposes."

In conformity with the legislative directive that the Charitable Immunity Act be "liberally construed," *N.J.S.A.* 2A:53A–10, our courts have broadly construed "nonprofit corporation ... orga-

nized exclusively for charitable [or] educational purposes" to afford immunity to a wide range of nonprofit organizations that provide educational opportunities or other services which promote the public welfare. Thus, charitable immunity has been extended to a Y.M.C.A., *Hauser v. Young Men's Christian Ass'n of Rahway*, 91 *N.J.Super.* 172, 219 *A.*2d 532 (Law Div.1966), the Boy Scouts, *Stoolman v. Camden County Council Boy Scouts of Am.*, 77 *N.J.Super.* 129, 185 *A.*2d 436 (Law Div.1962), Little League baseball, *Pomeroy v. Little League Baseball of Collingswood*, *supra*, a non-profit organization which maintains a small public park, *Heffelfinger v. Town of Morristown*, 209 *N.J.Super.* 380, 507 *A.*2d 761 (Law Div.1985), and an "historical society" which displays historical exhibits, *Peacock v. Burlington County Historical Soc'y*, 95 *N.J.Super.* 205, 230 *A.*2d 513 (App.Div.), *certif. denied*, 50 *N.J.* 290, 234 *A.*2d 399 (1967). We also have specifically recognized that a non-profit corporation may be organized for "exclusively educational purposes" even though it provides an educational experience which is "recreational" in nature. *Pomeroy v. Little League Baseball of Collingswood*, *supra*, 142 *N.J.Super.* at 474, 362 *A.*2d 39.

Applying this broad view of the Act, we are satisfied that the Academy was organized exclusively for charitable and educational purposes and that it operates the Aquarium in furtherance of those beneficent purposes. An aquarium is designed primarily to educate its visitors through displays, exhibits, lectures and shows about aquatic life. It is similar in this respect to a zoo or museum. The fact that entertainment or recreation is part of the overall educational experience does not preclude the Academy from claiming charitable immunity. *Cf. Pomeroy v. Little League Baseball of Collingswood*, *supra*. Moreover, it is undisputed that the Academy derives a significant portion of its revenues from charitable contributions. Consequently, the immunization of the Academy from tort liability would preserve "private charitable contributions for their designated purposes," which is "the essence

of the public policy favoring charitable immunity." *Parker v. St. Stephen's Urban Dev. Corp., supra,* 243 *N.J.Super.* at 326, 579 *A.*2d 360.

■ The basic charitable and educational purposes of the Academy are not affected by the fact that the State leases the Aquarium to the Academy for only $1 and exercises significant control over its operations. It is common for the federal, state and local governments to appropriate funds for the operation of private hospitals, educational institutions, charities and other non-profit organizations which serve the public welfare and to impose conditions upon the receipt of those funds. However, the acceptance of government funds and some measure of government control does not transform a private non-profit corporation into a governmental instrumentality. *Compare Winters v. City of Jersey City,* 63 *N.J.* 7, 304 *A.*2d 196 (1973), *modifying on dissent,* 120 *N.J.Super.* 129, 135–54, 293 *A.*2d 431 (App.Div.1972) (holding that a municipality may not claim charitable immunity). Although a non-profit corporation may not claim charitable immunity if it serves "purely as a conduit" for the distribution of government funds, "the fact that [a non-profit corporation] happens to receive some government support would not alter its nature as a charity for immunity purposes" if it performs charitable services and is "essentially supported through charitable contributions." *Parker v. St. Stephen's Urban Dev. Corp., supra,* 243 *N.J.Super.* at 327–28, 579 *A.*2d 360. Despite the fact that the State provides support to the Academy by leasing the Aquarium and its facilities for a nominal rent, it does not have a commitment to appropriate funds for the Aquarium's general operations. Moreover, even though the Academy's by laws provide that the State shall be represented on its Board of Trustees and may exercise control over certain aspects of its operations, such as when it must be open to the public, the Academy retains basic control over the Aquarium.

Most significantly, the Academy receives a substantial amount of charitable contributions,[1] which is one of the essential characteristics of a non-profit corporation entitled to charitable immunity. Therefore, the State's support of the Aquarium and control over its operations is not so dominant that the Academy can be fairly characterized as simply a governmental instrumentality.

Finally, the trial court did not abuse its discretion in denying plaintiff's motion for leave to file an amended complaint adding the State and the Camden Waterfront Management Corporation as defendants. The decision whether to grant leave to amend pleadings is committed to the sound discretion of the trial court. *Fisher v. Yates,* 270 *N.J.Super.* 458, 467, 637 *A.*2d 546 (App.Div.1994). Since plaintiff did not seek to amend her complaint until the eve of trial, as part of her response to the Academy's motion for summary judgment, and she has failed to set forth a viable cause of action against the State or the Waterfront Management Corporation for the alleged transient dangerous condition inside the Aquarium, the trial court properly denied her motion.

Affirmed.

---

[1] We note that for the fiscal year ending June 30, 1995, the Academy received $4,012,383 in contributions and grants, which constituted more than 40% of its total revenues.