**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5499-15T1

VIVIAN ACOSTA QUINTINAL,

    Plaintiff-Appellant,

v.

LIEBENZELL MISSION OF USA,

    Defendant/Third-Party
    Plaintiff-Respondent,

v.

CHURCH OF GOD OF BROOKLYN,

    Third-Party Defendant.

---

Submitted October 23, 2017 - Decided November 9, 2017

Before Judges Accurso and O'Connor.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Docket No. L-
3978-14.

The Anthony Pope Law Firm, PC, attorneys for
appellant (Annette Verdesco, on the brief).

Harwood Lloyd, LLC, attorneys for respondent
(Gregory J. Irwin, of counsel and on the
brief).

PER CURIAM

Plaintiff Vivian Acosta Quintinal appeals from a final order denying reconsideration of summary judgment dismissing her personal injury complaint against defendant Liebenzell Mission of USA. Because we agree defendant is immune from liability for plaintiff's accident pursuant to N.J.S.A. 2A:53A-7, we affirm, essentially for the reasons expressed by Judge D'Alessandro in the statements of reasons accompanying his June 9, 2016 order for summary judgment and July 27, 2016 order for reconsideration.

The facts essential to resolution of the motion are undisputed. Defendant Liebenzell Mission is a 501(c)3 tax exempt, not-for-profit corporation, organized "to promote, support and advance the cause of Christ and the Christian way of life." It operates a 150-acre retreat in Morris County, which it makes available to churches and other non-profit groups for a fee. Plaintiff was attending a three-day conference at the retreat center sponsored by Church of God of Brooklyn,[1] and the pastors of Nueva Arca, a church she attended. She traveled to the retreat center in a van provided by the pastors of Nueva

---

[1] Church of God of Brooklyn obtained summary judgment in the same order as Liebenzell. Plaintiff has not appealed from that aspect of the order and Church of God of Brooklyn is not a participant in this appeal. Accordingly, "defendant" refers only to Liebenzell.

Arca. Plaintiff paid $120 to attend the retreat, $6 of which was allocated for costs of insurance. While leaving a "religious conference" at the center on Saturday, plaintiff slipped on snow and ice on a ramp leading out of the building, sustaining injury.

Following discovery, Liebenzell moved for summary judgment contending it is a charitable association engaged in the works it was organized to advance, when plaintiff, a beneficiary of those works, was injured, thus entitling it to immunity pursuant to the Charitable Immunity Act, N.J.S.A. 2A:53A-7 to -13.1. Plaintiff opposed the motion claiming defendant deviated from its stated purpose by charging her a $6 fee for insurance, that there was a "dispute as to what type and amounts of income that Defendant receives in order to operate," and that plaintiff was not a beneficiary because "Defendant was not promoting [its] objectives as a religious retreat at the time of the injury."

Judge D'Alessandro rejected those arguments in a comprehensive thirty-one page opinion. The judge concluded from the evidence in the record that Liebenzell was organized exclusively for religious and charitable purposes as defined in the Charitable Immunity Act because those purposes represented its "dominant motive." See Parker v. St. Stephen's Urban Dev. Corp., Inc., 243 N.J. Super. 317, 325 (App. Div. 1990)

(explaining examination of the aims, origins and method of operation of an "entity seeking to clothe itself in the veil of charitable immunity" is necessary "to determine whether its dominant motive is charity or some other form of enterprise").

Noting "[a]qualifying organization does not lose its statutory immunity merely because it charges money for its services," Rupp v. Brookdale Baptist Church, 242 N.J. Super. 457, 465 (App. Div. 1990), the judge found nothing in the record to contradict Liebenzell's assertion it charged the $6 fee "'to encourage the churches to have their own insurance and to offset the costs'" of Liebenzell's insurance.  The judge rejected plaintiff's claim that she had raised sufficient questions as to the source of Liebenzell's operating funds to defeat summary judgment, finding plaintiff failed to evince any evidence "that Liebenzell was a profit-making organization with any aim other than a 'dominant motive' of charity by providing a place for low-cost religious and personal reflection."  See Pomeroy v. Little League Baseball, 142 N.J. Super. 471, 473 (App. Div. 1976) (finding no genuine issue of material fact as to whether the defendant had been organized for exclusively educational purposes).

Analyzing the question of whether plaintiff was a beneficiary of the works of Liebenzell within the intendment of

4

N.J.S.A. 2A:53A-7, the court applied the two-part test enunciated in DeVries v. Habitat for Humanity, 290 N.J. Super. 479, 487-88 (App. Div. 1996), aff'd, 147 N.J. 619 (1997):  "(1) did the injury occur while the organization was engaged in its charitable works, and (2) was the injured party a direct recipient of those works."  Concluding there could be no genuine dispute that plaintiff accepted the invitation of her church "to attend the retreat, to use [Liebenzell's] facilities and to attend services or conferences during the retreat," Judge D'Alessandro found plaintiff was clearly a beneficiary of Liebenzell's charitable works.

Plaintiff moved for reconsideration, contending Liebenzell did not establish it was a charitable organization because by charging plaintiff the $6 fee to offset insurance costs, Liebenzell "deviated from [its] stated purpose and has received a profit, non-related to its charitable works," and that plaintiff had raised a genuine issue of material fact regarding the types and amount of income Liebenzell received in order to operate, "especially from the recreational activities provided on its premises."  Plaintiff also claimed Liebenzell could not demonstrate she was a beneficiary of its works at the time of the accident because Liebenzell "was not promoting [its] objectives at the time . . . and she paid extra-monies for

liability insurance, . . . which clearly is not related to retreat or religious objectives."

The judge heard argument on the motion, providing plaintiff the opportunity to further argue the points raised in her brief on reconsideration. The judge thereafter issued a nineteen-page opinion addressing each point. The judge acknowledged plaintiff's arguments, but found she had failed to come forward with evidence in the record to support her claims.

Plaintiff appeals, reprising the arguments she made on the motions. We, of course, review summary judgment using the same standard that governs the trial court. Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012). Thus, we consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Surplus Ins. Corp., Inc. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995)). Applying that standard here after having considered plaintiff's arguments and having reviewed the entire record, we agree with the trial judge that plaintiff failed to set forth any evidence that could have sustained a different decision. Accordingly, we affirm for the reasons set forth in

Judge D'Alessandro's two thorough and thoughtful written opinions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION